# Lawson *et al. v.* The State.

*Prosecution for Trespass after Warning.*

1. *Trespass after warning may be predicated of lands in actual possession without title.*—In a prosecution under Code of 1886, § 3874, making it unlawful to trespass on the lands of another after being warned not to do so, if the prosecutor was in actual possession of the land trespassed on, it is no defense that the defendant had a superior title thereto.

APPEAL from the Criminal Court of Pike county.

Tried before Hon. WM. H. PARKS.

The prosecution against the appellants was commenced by a complaint made before the judge of the Criminal Court of Pike county, charging them with having committed a trespass after warning upon the property of one Dennis Ramsey.

Issue having been joined on the plea of not guilty, the State introduced as a witness Dennis Ramsey, who testified that he took possession of the land in section 19, township 11, range 20, six years before the trial (October 1893) and built houses and cleared and fenced a field containing about 25 acres; that in the month of February, 1893, while he was in possession of said field, he warned the defendants not to

enter thereon, but that thereafter, before the commencement of this prosecution the defendants did trespass upon the said field.

On cross examination this witness testified that his house was on the northeast ¼ of said section 19, and the land upon which the defendant entered after warning was on the northwest ¼ of said section; that he had no title to the land in said northwest ¼ of said section, "more than that he was in possession of the 15 acres in dispute." He further testified that both quarter sections were known as the Mobile & Girard Railroad lands, and that under an act of Congress they were forfeited to the government, and that he was proceeding in the land department in Montgomery to homestead the northeast ¼ of said section; "that before said warning was given, and after the said 25 acre field was cleared, the county surveyor had run the line between the two said quarter sections, and cut off about 15 acres of said field, which placed it in the said northwest ¼."

The defendants introduced as a witness one Linson Lawson, who testified that he was the father of the defendants, who were minors, and who were working under him at the time of the alleged trespass; that he was living on the northwest ¼ of section 19 at the time of the alleged trespass, took possession of the same four or five years previously, and was living there when said Ramsey fenced in the 25 acres; that the line between the two quarter sections was run by the county surveyor, at his instance, after notice to said Ramsey; that at the time of said survey, and before the warning, he had made application to homestead the said northwest ¼, as provided by an act of Congress. He thereupon offered to introduce a certificate of a homestead entry, signed by the register in the land office at Montgomery, but on objection by the State the court refused to allow said certificate to be introduced in evidence, and the defendants duly excepted,

On motion of the State the court excluded all of the testimony of said Linson Lawson, in reference to his claim to the 15 acres, upon which the trespass is alleged to have been made: and to this ruling the defendants duly excepted.

M. N. CARLISLE, for the appellant, cited—The act of Congress entitled "An act to forfeit certain lands heretofore granted for the purpose of aiding in the construction of railroads, and for other purposes." Approved Sept. 29, 1890; *Watson v. State*, 63 Ala. 24; *Bohannon v. State*, 73 Ala. 47.

[Lawson et al. v. The State.]

WM. L. MARTIN, Attorney-General, for the State.

McCLELLAN, J.—This is a prosecution for trespass after warning under section 3874 of the Code. The evidence is free from conflict to the effect that the prosecutor had *actual* possession of the land upon which the trespass is alleged to have been committed at the time of the warning to defendant, and from thence to, and at, the time when the defendant entered upon it, that he warned the defendant not to enter upon the land and that within six months after said warning and within twelve months before the commencement of the prosecution, and in Pike county, the defendant did enter upon said land. This evidence, none of which, as we have indicated, was at all controverted, fully and perfectly made out the case for the State.—*Bohannon v. State*, 73 Ala. 47 ; *Goldsmith v. State*, 55 Ala. 57 ; 3 Brick. Dig. p. 251, § 1068.

The defendant, not denying or controverting in any way the prosecutor's actual possession, was allowed to introduce evidence which tended to show that the prosecutor had at some past time admitted inferentially that the defendant had a superior claim to a certain quarter section adjoining that claimed by him and that upon a survey the land entered upon was found to be in the quarter section claimed by the defendant. The prosecutor's actual possession however continued notwithstanding the survey and he continued to claim and exercise the right to exclusive possession of the premises. This admission could not have justified defendant's entry upon prosecutor's actual adverse possession against the warning subsequently given him by the prosecutor, and the defendant certainly got all he was entitled to because of it when the court confined its influence in the case to the mitigation of punishment.

A perfect legal title in the defendant would not have justified his entry upon the land after warning under the facts of this case. The court did not err therefore in excluding the certificate of homestead entry offered by the defendant. Nor could the defendant have been prejudiced in respect of the punishment imposed by the jury by the exclusion of this evidence, since the lowest possible fine, one cent, was assessed against him.

We find no error in the record and the judgment of the Criminal Court is affirmed.