# Sherman v. The State.

*Prosecution for Trespass after Warning.*

1. *Trespass after warning; actual possession.*—Where the dividing line between adjoining owners of land was uncertain, and they had fixed and acquiesced in a temporary boundary line, up to which they each planted crops on either side, such actual possession up to the line is acquired as will support a prosecution for trespass after warning.

2. *Same; when not shown.*—On a prosecution for trespass after warning, evidence that defendant was warned "some time in May," or about the last of May or the first of June, not to cross the line of the prosecutor's land, and that the trespass occurred about the last of the preceding April or first of May, will not support a conviction.

APPEAL from the Criminal Court of Pike.

Tried before the Hon. WILLIAM H. PARKS.

The facts of the case are sufficiently stated in the opinion.

No counsel marked for appellant.

W. C. FITTS, Attorney-General, for the State.

COLEMAN, J.—The defendant was convicted of trespass after warning. The defendant waived trial by a jury, and the case was tried by the court. The facts show that one Ellis, the prosecutor, and one Blackman were adjacent land owners; that the exact location of the dividing line between them had not been definitely fixed, and neither party claimed the land to any ascertained boundary. Under these circumstances early in the year 1894 two of their neighbors were called in, who, as well as they could without compass, ran a line between them. That Blackman did not accept the line thus located as the correct line, but for the present acquiesced in the line thus located, and Ellis took possession without objection of the land up to the line and planted his crop to this line on one side, and Blackman planted his crop up to this line on the other side. Cer-

tainly for the purpose of maintaining a prosecution for a trespass after warning, Ellis was in actual possession of the land up to the line fixed by their neighbors and acquiesced in by both adjacent land owners. The trial court did not err in so far as it held that a trespass had been committed upon the land of Ellis by one who crossed the line, and entered upon the line thus held and occupied by him.—*Lawson v. The State*, 100 Ala. 7; *Bohannon v. The State*, 73 Ala. 47. That the defendant entered upon the land of the prosecutor is fully established, but whether he entered after warning, is not satisfactorily shown. The bill of exceptions purports to set out all the evidence. The affidavit upon which the warrant was sued out, fixes the date of the trespass on the 22d of May, 1894. Time (that is the day) is not the essence of this offense, but that the trespass was committed after warning, is of the essence of the offense. The defendant offered no evidence on this point, and the question of fact must be determined by the evidence for the prosecution. The prosecutor introduced five witnesses to prove the trespass; himself, two sons, and two other witnesses. William Ellis, a son, testified that, according to his best recollection, his father warned the defendant "some time in May," and after this time he saw the defendant drive his mule when plowing, across the turn row between them and in turning around, the defendant himself crossed over on his father's side. On cross-examination, he stated that this occurred about the first of May. This is the only witness who gave any testimony that the trespass was after the warning. The other son, Pick Ellis, testified that the plowing across the turn row was some time in April. The prosecutor, N. J. Ellis, testified, that he warned the defendant not to plow over or to cross the line, about the last of May or the first of June, and this witness does not testify to any act of trespass after that date. The two witnesses, Davis and Archer, both of whom testified that the prosecutor showed them where some person had let his plow drag across the turn row, and where in turning around, a few pea vines and two or three stalks of corn had been broken down on his side of the line, but both of these witnesses fix the date during the latter part of April or first of May. From the character of the testimony, we are impressed with the conviction, that all the witnesses

referred to the same trespass, and by a great preponderance of the evidence as set out in this record, the time seems to have been the last of April or the first of May. The prosecutor fixed the time of the warning the last of May or the first of June. We are of opinion the facts do not justify the conclusion, beyond a reasonable doubt, that there was a trespass after warning.

Reversed and remanded.