# Burks *v.* The State.

*Prosecution for Trespass after Warning.*

1. *Trespass after warning; no defense that the defendant claimed title to the lands trespassed upon.*—In a prosecution for trespass after warning, where the prosecutor was in actual possession of the lands trespassed upon, it is no defense that the defendant claimed a superior title to such land.

2. *Same; same; incompetent evidence.*—In a prosecution for trespass after warning, where the trespass complained of was upon a narrow strip of land adjacent to the dividing line of the lands in the possession of the defendant and the prosecutor, respectively, and it is shown that such strip of land was inclosed by a fence, and had been in the possession of the prosecutor for a number of years, the facts that the county surveyor ran out the line between the defendant and the prosecutor and located the dividing line a short space inside of the inclosure, and that the trespass complained of consisted in the removal of the fence of the defendant to the line located by the surveyor, and the taking of actual possession by the defendant of the strip of land lying between the line fixed by the surveyor and where the fence was originally erected, constitutes no defense; and evidence of such facts is incompetent and inadmissible.

3. *Charge to the jury ; reasonable doubt.*—In a criminal case, a charge which instructs the jury, that before they can find the defendant guilty they must "believe from the evidence beyond all reasonable doubt and to a moral certainty that the defendants were guilty as charged, to the exclusion of every possibility of their innocence and reasonable doubt of their guilt," exacts too high a degree of proof and is erroneous.

APPEAL from the County Court of Macon.

Tried before the Hon. W. H. HURT.

The facts of this case are sufficiently shown in the opinion.

The last charge, which is referred to in the opinion, is as follows: "The only foundation for a verdict of

[Burks v. The State.]

guilty in this case is that the entire jury shall believe from the evidence beyond all reasonable doubt and to a moral certainty that the defendants are guilty as charged to the exclusion of every possibility of their innocence and reasonable doubt of their guilt; and if the prosecution has failed to furnish such measure of proof and to impress the minds of the jury with such belief of their guilt, they should find them not guilty."

E. P. MORRISSETT, for appellant.

WILLIAM C. FITTS, Attorney-General, for the State.

COLEMAN, J.—The defendant was convicted for the offense of trespass after warning. The defendant and prosecutor were tenants, respectively, of coterminous land owners. The trespass complained of—if committed—was upon a narrow strip of land adjacent to the dividing line. The evidence showed that Mrs. Walker, the landlord of the prosecutor, had been in possession of the strip of land as a part of section 32 for many years, and a portion of it was enclosed by a fence. The county surveyor ran out the lines between the parties, and located the section line a short space inside of the enclosure. The trespass consisted in the removal of the fence by the defendant to the line located by the surveyor, and the taking of actual possession by the defendant of the strip lying between the line fixed by the surveyor, and where the fence originally was erected, and which strip of land had been in the actual possession of Mrs. Walker for twenty years, and was then, when the fence was removed, in the actual possession of her tenant. The questions presented are, whether it was competent for the defendant to introduce evidence of these facts in defense of the prosecution. We are of opinion that the evidence was incompetent. The proof showed that the prosecutor was in actual possession claiming under his lease from Mrs. Walker. The case is similar to that of *Lawson v. The State*, 100 Ala. 7, where it was held that if the prosecutor was in actual possession of the land trespassed upon, it is no defense that the defendant had a superior legal title. See *Sherman v. The State*, 105 Ala. 115. The exceptions reserved apply to instructions given to the jury or refused, and

with the exception of the last, are governed by the principles we have declared to be the law. Tested by these principles the rulings of the court are free from error.

The last charge requested required too high a degree of proof. It is not necessary for a conviction, that the defendant be proved guilty to the "exclusion of every possibility of innocence."

Affirmed.