# Maddox *v.* The State.

### Indictment for Trespass after Warning.

1. *Trespass after warning; possession by servant is possession of master.*—The possession against which the statutory offense of trespass after warning is directed is something more than the mere occupancy of the premises, and is such an interest in the property as carries with it the right of exclusive possession for the time being; and, therefore, where a master furnishes a house to his servant, without any contract of lease, the servant's possession is the master's possession, and a trespass on the premises is a trespass upon the master's possession.

2. *Charge to the jury; properly refused when abstract.*—A charge which is based upon supposed facts concerning which there is no evidence adduced on the trial, is properly refused.

3. *Same; general affirmative charge.*—Where the evidence is conflicting, the court properly refuses to give the general affirmative charge in favor of the defendant in a criminal case.

4. *Trespass after warning; misleading charge.*—In a prosecution for trespass after warning where the evidence tends to show that the trespass complained of was committed in the yard surrounding a house occupied by a servant in the employ of the person named in the indictment as being in the possession of the premises, which yard extended several feet beyond the line separating the premises in the possession of the person named in the indictment from an adjoining place, a charge which instructs the jury that if the defendant was on the adjoining place, he was not guilty, is properly refused; since he might still have been a trespasser upon the yard surrounding the servant's house, which was in the possession of the party named in the indictment.

APPEAL from the City Court of Montgomery.

Tried before the Hon. A. D. SAYRE.

The appellant was tried and convicted under an indictment which charged that "without legal cause or good excuse, he entered upon the premises of W. C. Frizzle, after having been warned within the six months preceding not to do so."

W. C. Frizzle, witness for the State, testified that he had possession under lease from other parties, and had had for a number of years, of two plantations, one known as the Reed place, and the other as the Finley place; that on Feby. 2, 1898, certain portions of the Reed place, not specified by witness, were sub-rented to third parties, and that the Finley place was at that time sub-leased to one Bose Pickett, who was then in possession thereof; that the two places joined each other, the north and south line between the counties of Montgomery and Bullock being the dividing line; that his dwelling house and "quarter" or tenant houses were on the Reed place in a row running north and south, and a few feet from the east line of the Finley place; that during the month of January, 1898, he notified the defendant not to trespass on any of his premises; that Lizzie Stewart lived on the Reed place in a house about nine feet from the east line of the Finley place; that her yard extended about twenty feet in front and from the east line of the Finley place about twenty feet east; that Lizzie Stewart held and occupied said house under Frizzle and not under Bose Pickett.

Lizzie Stewart, witness for the State, testified that on Feb. 2, 1898, she lived on the Reed place in a house about nine feet east of the east line of the Finley place; that on said date she occupied her dwelling house and a small yard in front, and that she was employed by said Frizzle for the year 1898 as his servant and he furnished her as such servant the house and yard in which she lived and to which yard she swore the defendant came, and she was to be paid so much money per year for her services; that said yard extended from her door about twenty feet in front and from the east line of the Finley place about twenty feet east; that said house and yard were some little distance from the outside of the curtilage of said Frizzle, and that the premises of another tenant were between her yard and said curtilage of W. C. Frizzle; that her yard was about 40 or 50 feet east of the nearest public road which ran from north to south through the Finley place; that at 8 P. M. Feb. 2, 1898, Charles Maddox, the defendant, came down the

public road till he was opposite her house, then he came into her yard, and after talking to her about two minutes returned the same way by which he came; that at the time he was in her yard he was in Bullock county about ten feet from the east line of Montgomery county, in the State of Alabama.

There was another witness introduced in behalf of the State whose testimony corroborated the testimony of Lizzie Stewart as to the defendant's having been in the yard of Lizzie Stewart on the night of Feb. 2.

The defendant, as a witness in his own behalf, testified that W. C. Frizzle never notified him not to trespass on his premises; that he was not in the yard of Lizzie Stewart on the night of Feb. 2, 1898; that on that night he came along the public road and stopped about 25 feet west of the house of Lizzie Stewart on the Finley place, and after calling to Lizzie Stewart and talking to her about two minutes, he returned the way in which he came, and that he was not on any of the premises of W. C. Frizzle.

The bill of exceptions then recites: "The court in its general charge having charged the jury fully that the other elements of the offense charged must be shown to exist beyond a reasonable doubt, and after describing all the elements of the offense, *ex mero motu* charged them as follows: 'If you believe that the defendant at the time of the alleged trespass was in the yard of Lizzie Stewart, and if you believe beyond a reasonable doubt from the evidence that Lizzie Stewart occupied the yard as a servant merely of Frizzle, and under him, who held the plantation under a lease from other parties, then he was on the premises of Frizzle, and is guilty as charged in the indictment, the other elements above defined being established beyond a reasonable doubt.' "

The defendant duly excepted to this portion of the court's oral charge, and also separately excepted to the court's refusal to give each of the following charges requested by him: (1.) "If the defendant came into the yard of Lizzie Stewart and was there at the time of the alleged trespass, and that said Lizzie Stewart was at the time occupying said house and yard under a contract

with W. C. Frizzle by the terms of which Frizzle was to furnish her a house and yard and she was to render him certain services, then the defendant is not guilty." (2.) "If the defendant, at the time of the alleged trespass was on the Finley place, he is not guilty." (3.) "If the jury believe the evidence, find the defendant not guilty." (4.) "If the jury believe that the defendant at the time of the alleged trespass was in the yard of Lizzie Stewart, and that he was in the way used by her to go to and from the public road, and that she was in possession of her house in said yard under a contract with W. C. Frizzle by which he was to furnish her a house to live in for a year, and she was to render Frizzle certain services as a servant, and that said house was within land in possession of said Frizzle near his line by a few feet, then the defendant is not guilty."

GEORGE W. STOWERS, for appellant.

CHAS. G. BROWN, Attorney-General, for the State.

DOWDELL, J.—While the offense of trespass after warning under the statute is an offense against the possession, the possession contemplated is something more than a mere occupancy. It is such an interest in the property as carries with it a right to exclusive possession for the time being. The possession of the servant is the possession of the master, and any offense committed against such possession, is against the master's possession. The undisputed evidence in this case was that Lizzie Stewart was the hired servant of W. C. Frizzle, and the house occupied by her was furnished to her by said Frizzle as his servant, and was under the control of Frizzle. She had no exclusive right to the possession, and in the absence of any contract or agreement to the contrary, the employer or master could change her occupancy at will. As to the possession of the house so occupied between the master and servant the relationship of landlord and tenant did not exist.

The first and fourth written charges requested by the defendant hypothesized facts not given in evidence. There was no evidence that Frizzle contracted with

Lizzie Stewart to furnish her the house or any house. These two charges were, therefore, abstract, and were for that reason, if no other existed, properly refused. The third written charge requested was the general affirmative charge. No further comment in respect to this charge need be made than the statement that there was a palpable conflict in the evidence.

While the evidence shows that the house occupied by Lizzie Stewart, the servant of Frizzle, was located on the Reed place, which said place Frizzle held under a lease, yet the *yard* of said house extended ten or more feet over the line of the Reed place into or upon the land known as the Finley place, this latter place having been sub-leased by Frizzle to one Pickett. The bill of exceptions states that Lizzie Stewart held and occupied the house and yard under Frizzle and not under Pickett. As a part of the yard extended into the Finley place, the defendant at the time of the alleged trespass, might have been upon the Finley place, and still have been guilty as charged. The second charge requested by the defendant was, therefore, misleading and was properly refused.

The proposition of law stated in that part of the oral charge excepted to, was in accord with the views we have above expressed and was free from error.

We find no error in the record, and the judgment of the city court must be affirmed.