# Cleveland and Wife *v.* Alba.

*Bill to Enjoin Taking of Oysters.*

(Decided May 14, 1908.  46 South. 757.)

1. *Statutes; Taking of Fish; Validity.*—Section 3155, Code 1896, is a valid exercise of legislative power and therefore, not unconstitutional.

2. *Same; Construction.*—Under sec. 3155, Code 1896, ownership of the property fronting the waters in which oysters are planted, and opposite to the oyster beds, is essential to the right to gather oysters within the limits prescribed; and an owner who plants oysters within such limits has such a property right in the oysters as makes them the subject of transfer, or as will enable his personal representative to gather and market the same in case of his death.

3. *Same.*—A conveyance of land fronting an oyster bed together with all the oyster and riparian rights conveys such rights as the grantor had under sec. 3155, Code 1896; and to show a right under the conveyance or an estoppel against the grantor, the grantee must locate the oysters within the boundaries fixed by the statute.

4. *Landlord and Tenant; Landlord's Title; Right of Tenant to Dispute.*—Where the grantee leased an oyster bed to the grantor after the execution of the conveyance, the grantor is estopped from denying the right of the grantee to the oysters, whether within or without the boundaries prescribed by section 3155, Code 1896; but the wife of the grantor, not a party to the lease, is not estopped from denying the grantee's title to the oysters beyond the boundaries prescribed by the statute, as they were not embraced in the conveyance of the grantee.

5. *Appeal and Error; Assignment of Error; Joint Assignment.*—Where the appeal is by several persons and there is no severance and separate assignment, the assignment of errors must be good as to all the parties complaining to be available.

[Cleveland and Wife v. Alba.]

APPEAL from Mobile Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by Peter F. Alba against John G. Cleveland and wife to enjoin the taking of oysters out of a bed fronting complainant's land. From a decree overruling demurrers to the bill, and refusing to dismiss the bill for want of equity, defendants appeal. Affirmed.

The bill alleges that complainant is the owner and in peaceable and adverse possession of a tract of land therein described, under deeds made containing covenants of warranty and for quiet enjoyment, together with oyster and riparian rights, which deeds were made by the respondent to complainant. It is further alleged that after the deed was executed, in the year 1904, complainant leased to respondent J. G. Cleveland the oyster beds for a term of three years for a nominal consideration in cash and other considerations, and that the lease term expired in June, 1907, and, although orator demanded possession of the bed, Cleveland refused to surrender and continued to gather oysters. It is alleged that Belle Edna Cleveland, wife of said J. G. Cleveland, claims to have purchased said land subsequent to the conveyance by her and her husband to complainant of the said land, and to have purchased the oyster and riparian rights thereto; but it is averred that the land so purchased by her does not front on said oyster bed which is being worked by said Cleveland, and that she has not acquired any oyster or riparian rights by her said purchase, and that J. G. Cleveland is acting as her agent in taking out the oysters.

FITTS, LEIGH & LEIGH, for appellant. This appeal involves a construction of 3155, Code 1896. The oyster beds of the state remain under the exclusive control of the state which may pass such laws as may be deemed

expedient to secure to its own citizens the enjoyment of their common property.—*New Orleans v. United States,* 35 U. S. 10 Pet. 662; *Martin v. Waddell,* 41 U. S. 16 Pet. 367; *Pollard v. Hogan,* 44 U. S. 3 How. 212; *Den v. Jersey Company,* 56 U. S. 15 How. 426; *Smith v. Maryland,* 59 U. S. 18 How. 71; *McCready v. Virginia,* 94 U. S. 391; *Manchester v. Massachusetts,* 139 U. S. 240; *Hooker v. Cummings,* 20 Johns. (N. Y. ) 90, 11 Am. Dec. 249; *Corfield v. Coryell,* 4 Wash. C. C. 371; *Smith v. Levinus,* 8 N. Y. 472; *Dunham v. Lamphere,* 3 Gray, (Mass.) 268; *Moulton v. Libbey,* 37 Me. 472, 59 Am. Dec. 57; *Commonwealth v. Bailey,* 13 Allen, (Mass.) 541; *Haney v. Compton,* 36 N. J. L. 507; *Hess v. Muir,* 65 Md. 586, 3 Cent. Rep. 891; *Huntington v. Lowndes,* 40 Fed. Rep. 625;Gould on Waters, 2 ed. §§ 32, 36, 38, 189; *Tinicum Fishing Co. v. Carter,* 31 Pa. St. 21, 100 Am. Dec. 597." This property right is as complete and perfect as that held by the state to any other of its property.—*McCready v. Virginia,* 94 U. S. 391. The point presented in *Simon v. Kane,* 138 Ala. 222, is entirely unlike that raised on the present appeal.

N. R. CLARKE, for appellee. The motions to dissolve the injunction and to dismiss the cause, for want of equity, as well as all of the demurrers to the bill—which are to the bill as a whole—admit the allegations of the bill to be true.—*Woodruff v. Adair,* 131 Ala. 530; *Coleman v. Butt,* 130 Ala. 266; *Treadwell v. Torbert,* 122 Ala. 297; *Werborn v. Kohn,* 93 Ala. 201; *Trammel v. Pennington,* 45 Ala. 673; *Cox v. Mobile, etc., R. Co.,* 44 Ala. 611; *Bryant v. Peters,* 3 Ala. 160. The right claimed by the complainant is that granted by section 3155 of the Civil Code of Alabama, 1896. There is no contention on the part of complainant that the people of Alabama do not own absolutely the oyster beds and oysters, and that

[Cleveland and Wife v. Alba.]

it is a property right as complete and perfect as that held to any other property; but he maintains that the people of Alabama have the power to dispose of their property rights in their oyster beds and oysters, through its legislature, and to adopt all precautions and regulations for their preservation and increase.—*State v. Harrub*, 95 Ala. 176. The right being a riparian right runs with the ownership of the land.—24 Amer. & Eng. Ency. of Law (2nd Ed.) page 981; *Pine v. New York*, 103 Fed. Rep. 337, 112 Fed. Rep. 98; *Lux v. Hoggin*, 69 Col. 255; *Hargroove v. Cook*, 108 Col. 135. The doctrine is laid down by the text books and supported by abundant authority that "a person who assumes to convey an estate by deed is estopped as against the grantee, to assert anything in derogation of the deed. He will not be heard, for the purpose of defeating the title of the grantee, to say that at the time of the conveyance he had no title, or that none passed by the deed; nor can he deny to the deed its full operation and effect as a conveyance.—*Tew v. Henderson*, 116 Ala. 545; *Elyton & Co. v. South. Ala. etc. Railroad Company*, 95 Ala. 631; 16 Cyclopedia of Law and Procedure, page 686, B. and authorties cited. In answer to the fifth ground of demurrer, there is nothing in section 3155 quoted above forbidding the planting of oysters in navigable waters, provided that "no person shall plant in any natural channel so as to interfere with navigation." The fifth, sixth, seventh and eighth demurrers all contain grounds and allege matters that should properly be set up in defense of the allegations of the bill by answer or plea and need not be alleged in the bill.—*Bishop v. Bishop*, 13 Ala. 475; *Orendorff v. Tollman*, 90 Ala. 441; Encyclopedia of Pleading and Practice, Vol. 3, page 355, b.

[Cleveland and Wife v. Alba.]

ANDERSON, J.—So much of section 3155 of the Civil Code of 1896 as is essential to a discussion of the question involved is as follows: "The owners of land fronting on any bay, river, bayou, or creek within this state, are granted the right to plant oysters, and gather the same, in the waters in front of their land to the distance of six hundred yards from the store; but where the distance from shore to shore is less than twelve hundred yards, the owners on either shore may plant and gather to a line equidistant between the two shores, but no person shall plant in any natural channel so as to interfere with navigation." That the enactment of this statute was within the power of the Legislature there can be no doubt.—*State v. Harrub,* 95 Ala. 176, 10 South. 752, 15 L. R. A. 761, 36 Am. St. Rep. 19b. The complainant derives whatever right or title he has to the oyster bed involved through conveyances from the respondents of the land fronting said bed, as well as through a special clause therein found, conveying "all oysters and riparian rights," and upon the averment of the bill that said oysters were planted by the respondent John G. Cleveland individually, or by Cleveland and Rolston together, and that Cleveland purchased the interest of Rolston before he conveyed to complainant. It is clear, under the law, that ownership of the property fronting the water in which the oysters are planted, and opposite to said beds, is essential to the right to gather the oysters. It is equally clear that, after the owner plants, he would have such a right in the oysters as would be the subject of transfer or assignment, or which would enable his personal representative or heir to gather and market in case of his death.—*Jones v. Oemler,* 110 Ga. 202, 35 S. E. 375.

The law, however, limits the boundaries within which the oysters may be planted and gathered; the space being 600 yards from the shore, unless the distance from

shore to shore is less than 1,200 yards, in which last event the line fixed must be equidistant between the two shores. It is manifest that the respondents conveyed by their deeds to the complainant only such oysters as they were entitled to under the statute as riparian owners. The deeds do not purport to convey all oysters planted in said body of water by Cleveland, or to warrant the title to any except those that are incident to the ownership of the fronting shore. Therefore, in order for the complainant to show a right under the conveyances, or an estoppel against the grantors, he should by proper averment locate the oysters in controversy within the boundaries fixed by the statute.

While the respondents are not estopped by the deeds from interfering with an oyster bed not thereby conveyed, yet the bill avers that the oyster bed in question (whether within the statutory boundaries or not) was leased from the complainant by J. G. Cleveland, that the lease has terminated, and that said Cleveland is acting in defiance of complainant's rights and has made no restoration. He is therefore estopped from denying complainant's right or title to the oysters, whether within the statutory boundary or not. The wife, not being a party to the lease, is not estopped from denying complainant's title, if the oysters are beyond the dead line and were not embraced in the deeds executed by her, and as to her the bill is defective in not locating the bed within the proper boundaries. But, as there was no severance in the assignments of error, the chancellor will not be reversed for overruling the demurrers, unless well taken as to both appellants.

Counsel for appellants, by their brief, do not question the equity of the bill or the propriety of continuing the injunction, in case the complainant had the right to the oysters, but seek a construction of the statute and

a determination of the right to transfer or assign, by one owning the front and who planted the oysters, as well as a settlement of the limits fixed by the statute upon the right to gather. We have endeavored to interpret the statute in these respects, and think that what is here said should operate as a sufficient guide in the future progress of this cause, notwithstanding the decree appealed from must be affirmed.

The decree of the chancery court is affirmed.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.