# Woodruff *v.* The State.

## *Trespass.*

(Decided Jan. 12, 1911. 54 South. 401.)

1. *Trespass; Criminal; Affidavit.*—Where the affidavit, in a prosecution for trespass after warning is drawn in accordance with section 7827, Code 1907, and form 110, it is not demurrable.

2. *Same; Warning.*—The person in possession or his duly authorized agent must give the warning before the offense of trespass after warning is made out.

[Woodruff v. The State.]

3. *Same.*—The going upon land is not necessarily a trespass unless the party has been previously warned not to go on the land, hence, a warning not to trespass on land does not carry with it necessarily a warning not to go on the land.

4. *Same.*—A warning not to come back on the property of a corporation to move any more families was not a warning not to go on the property.

5. *Same; Authority to Warn.*—The fact that one was the renting agent of a corporation would not necessarily clothe him with authority to warn persons from trespassing on any of the corporation's property.

6. *Appeal and Error; Finding of Trial Court; Presumption.*—The provisions of the act creating the Jefferson criminal court require this court on appeal to pass upon the judgment of such court without any presumption in favor thereof.

APPEAL from Jefferson Criminal Court.

Heard before Hon. S. L. WEAVER.

George Woodruff was convicted of trespass after warning and he appeals. Reversed and remanded.

H. H. BLACK, for appellant. The affidavit was defective and demurrer to same should have been sustained. In order to sustain a conviction the evidence must show that the party giving the warning was in actual possession or the agent or representative of the person in actual possession.—*Matthews v. The State,* 81 Ala. 66; *Sewell v. The State,* 82 Ala. 57.

ALEXANDER M. GARBER, Attorney General, for the State. The affidavit followed the statute creating the offense and also followed the form for indictment in such cases, and was, therefore, sufficient. The evidence is ample to support the verdict and judgment of the court.

SIMPSON, J.—The appellant was convicted of the offense of trespass after warning. The affidavit is in accordance with section 7827 of the Code of 1907, and form 110, p. 679, of the Code. Consequently the demurrer to the affidavit was properly overruled.

In order to constitute the offense of trespass after warning, it is necessary to show that the warning was given by the person in possession or his duly authorized agent. The evidence is not convincing that the house was in the possession of the Republic Iron & Steel Company. While the prosecutor, Felton, states, from his books, that the house was not rented to any one, and that therefore it was in the possession of the landlord, yet the testimony is uncontradicted, as testified by the state's own witness, Delcie Lollar, that she was living in the house at the time of the supposed trespass, that she and her son had been living there for some time, and that the defendant had gone there for the purpose of moving them. It is true that the prosecutor testified that she had not paid him any rent, while the witness testified that she had. The prosecutor did not deny that she had been living there, but said that he found her there when he went to the house.

As to the warning, passing by the generality of the warning, merely not to trespass on any of the lands of the company, without specifying what lands, the witness (prosecutor) testified merely that he was the renting agent of the company, which would not necessarily clothe him with authority to warn parties from trespassing on any of the company's lands, and a warning not to trespass does not necessarily carry with it a warning not to go on the land, which would not be a trespass unless the party had been previously warned not to go on the land. The witness Wynn, for the state, testified that the warning was not to come back on the company's property after any more families, which was not a warning not to go on the property. He testified that Will Wallace was present when the warning was given, and Wallace testified that no warning was given to the defendant, but that it was given to him, the wit-

ness. Other witnesses who claim to have been present corroborate this witness. The testimony does not show when the supposed trespass was committed.

For these reasons, we hold that the court erred in finding the defendant guilty.

The act creating the criminal court of Jefferson county requires this court to pass upon the cases without any presumption in favor of the judgment of said court.

The judgment of the court is reversed, and the defendant is discharged.

DOWDELL, C. J., and MCCLELLAN, and MAYFIELD, JJ., concur.