(124 So. 915)

HAVARD v. STATE.    (1 Div. 563.)

Supreme Court of Alabama.    Oct. 17, 1929.

Rehearing Denied Dec. 19, 1929.

360

Charlie C. McCall, Atty. Gen., and Gordon, Edington & Leigh, of Mobile, for the State.

Outlaw, Kilborn & Smith, of Mobile, opposed.

SAYRE, J. ▌ On the facts stated by the Court of Appeals in its opinion, beyond which this court will not look in the matter of disputed facts, we are agreed in the conclusion that the defendant Havard should not have been convicted. But, to exclude a conclusion, the court here withholds its concurrence in the statement that the right given by statute (section 2724 of the Code 1923) to riparian owners to plant and gather oysters in the waters in front of their land is not such a right as will support an indictment for trespass after warning against one who, after warning, takes oysters from such private reefs. This is not to say that the riparian owner in such case may interdict the free navigation of such waters as are named in the section referred to, but only that under the statute he has an exclusive right to gather oysters from reefs planted by him, which right he may protect by recourse to the statute which punishes trespass after warning.

▌ The opinion of the Court of Appeals states that Burns, the alleged proprietor (lessee) of the landing on Gates' Bayou and the privately planted reef in front of it, warned defendant to stay off the water over the oyster beds and off the landing. This court is agreed that Burns had no right under the statute or otherwise to warn defendant off the water, but only—so far as concerned the taking of oysters—to prevent by his warning the taking of oysters from his privately planted reef, as we have already in substance said.

The foregoing statement has been made in response to the brief by petitioner, the state. We find no necessity for further comment.

Writ denied.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.