165 So. 219

## HOOD v. MURPHY.

6 Div. 862.

Supreme Court of Alabama.

Jan. 16, 1936.

Thomas Seay, of Birmingham, for appellant.

Chas. W. Greer and J. K. Jackson, both of Birmingham, for appellee.

FOSTER, Justice.

Appellee filed a bill in equity for an injunction to prevent trespassing on her property by entering upon it against her will and protest for the purpose of fishing in the Cabaha river. Complainant is the owner of land through which the stream runs. It is a small fresh-water, nonnavigable river. She owns the land on both sides of the stream in consequence of her ownership of a part of S.E. ¼ of N.W. ¼, section 35, township 18, range 2, in Jefferson county. She has built a dam across it entirely on her land, which extends across the river, and about 60 feet north of the southern boundary line. Fishing seems to be good immediately below the dam, on her land. There is a small island in it, also north of her southern boundary line. Over her protest, defendant has been entering the stream below the line of her property on land she did not own, and proceeding upstream in the river to and beyond the southern boundary line of her property, and fishing in the river at that point where she owned the land, standing on the bottom and the island.

Defendant claims this right under the Act of March 18, 1933 (Acts 1933, Ex. Sess., p. 67), and section 2724, Code. That Code section, codifying the act of 1915 (page 145), undertakes to declare that the beds and bottoms of all rivers, bayous (and the named waters), within this state are the property of the state. The act of 1933 declares that all waters of this state are public if they flow through the lands of more than one person, and are private if they are wholly on the land of one person, except branches; but provides "that before any person may go or be upon the posted lands of another for the purpose of fishing he or she shall procure the consent of the land-owner or his agent." Section 4. Complainant's land was so posted. Respondent's claim is that the bed of the river was by those acts vested in the state, and that he did not go upon any lands of complainant, since the bed and bottom of the river was the property of the state. The state owns the bed and bottom of navigable streams in Alabama, but not those which are nonnavigable. Pollard v. Hagan, 3 How. 212, 11 L.Ed. 565. The latter constitutes a part of the public land ceded to the United States April 24, 1802, Code 1923, p. 24, surveyed and patented by the government as such, by which the title passed to the patentees and their successors in ownership, and is conveyed by the description of the land through which the streams run, and thereby the public have no right of fishery in the waters as they go through such land. People v. Platt, 17 Johns. (N.Y.) 195, 8 Am.Dec. 382; City of Grand Rapids v. Powers, 89 Mich. 94, 50 N.W. 661, 668, 14 L.R.A. 498, 28 Am.St.Rep. 276; 27 R. C.L. 1357, 1358, 1372; 67 C.J. 823, note 71; Brewer-Elliott Oil & Gas Co. v. United States, 260 U.S. 77, 43 S.Ct. 60, 67 L. Ed. 140; Oklahoma v. Texas, 258 U.S. 574, 42 S.Ct. 406, 66 L.Ed. 771; Greenfield v. Powell, 218 Ala. 397, 118 So. 556; Tallassee Falls Mfg. Co. v. State, 194 Ala. 554, 69 So. 589; United States v. Utah, 283 U.S. 64, 51 S.Ct. 438, 75 L.Ed. 844. Except to the extent that he may injure some other riparian proprietor or those having a superior right to use the waters, he may use his land under the water the same as above it. "It is his private property under the protection of the constitution, and it cannot be taken, or its value lessened or impaired, even for public use, 'without compensation,' or 'without due process of law,' and it cannot be taken at all for any one's private use." City of Grand Rapids v. Powers, supra; United States v. Utah, supra, (1) and (3); 27 R.C.L. 1307, note 13.

At the time this court in Cleveland v. Alba, 155 Ala. 468, 46 So. 757, was dealing with section 3155, now 2724, Code, there was no such feature as that declaring the beds and bottoms of rivers are the property of the state. While its general terms may have been sufficient to embrace nonnavigable streams, this court in that case did not deal with nonnavigable streams, but was evidently dealing with tidewaters which are prima facie navigable. Sullivan v. Spotswood, 82 Ala. 163, 2 So. 716; Walker v. Allen, 72 Ala. 456; Rhodes v. Otis, 33 Ala. 578, 73 Am.Dec. 439; 27 R.C.L. 1359. It referred to State v. Harrub, 95 Ala. 176, 10 So. 752, 15 L.R.A. 761, 36 Am.St.Rep. 195. That case predicates the right of the state to enact oyster regulations upon the principle that the state owns the beds of navigable waters including brackish tidewaters of the bay and its bayous.

■ Since all public land in Alabama was ceded to the government by the deed of April, 1802, supra, and nonnavigable streams are treated as a part of the public domain, any state legislation which would affect the ownership of such land including the beds of those streams affects the title of the government. This cannot be done. United States v. Utah, supra; Olive v. State, 86 Ala. 88, 5 So. 653, 4 L.R.A. 33; 27 R.C.L. 1302. Such legislation cannot therefore affect the title of patentees of the government.

If section 2724, Code, and the act of 1933, should be held to apply to nonnavigable streams, so as to vest in the state the beds of such streams and divest them out of those who derive title from the government, to that extent it would exceed the powers which the legislature has.

■■ The owner of such land undoubtedly has the exclusive fishing rights in nonnavigable streams running through it. Yolande Coal & Coke Co. v. Pierce, 12 Ala. App. 431, 437, 68 So. 563; 26 C.J. 598. This is an incident of ownership of the land, subject to the right of the state to regulate fishing so as to preserve the fish for the good of the public in general. 36 C.J. 599, §§ 12 and 623. But the state cannot by any sort of legislation take away the exclusive right of the owners of fish in

the waters as they run through such land. And when the act of 1933 provided that consent must be obtained from the landowner, such right is recognized to exist in that situation. To the extent that the act declared that the waters of rivers which flow through the lands of more than one owner are public, the effect cannot be held to take away property rights, but it was so framed upon the idea, we assume, that by so doing the Legislature could regulate fishing. But it was not necessary for that purpose, and neither it nor section 2724, Code, should be construed to take away property rights, in violation of the Constitution. They have a field of operation without so construing them, and to the extent that they might have been so intended they would be inoperative.

Those acts are therefore held by us to apply only to those waters over beds which are owned by the state and to exercise its police power in other waters, but not to take away property rights secured by the Constitution.

It is conceded in brief that complainant is entitled to an injunction if she has the exclusive right of fishing in those waters as they run through her land. We hold that she has such right, and the injunction was properly decreed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.