168 So. 168

### SKRMETTA v. ALABAMA OYSTER COMMISSION et al.

#### 1 Div. 918.

Supreme Court of Alabama.

May 14, 1936.

Marion R. Vickers, of Mobile, for appellant.

Bart B. Chamberlain, Sol., and Daniel H. Thomas, Asst. Sol., both of Mobile, for appellees.

BOULDIN, Justice.

Marko Skrmetta, doing business as Deer Island Fish & Oyster Company, filed his bill in equity to enjoin the Alabama Oyster Commission, and the individual members of the commission, from enforcing a regulation of the commission prohibiting the taking of oysters by dredging on all public reefs and state-owned bottoms in Alabama waters.

Demurrer to the bill being sustained, and complainant failing to amend within the time given in the decree, the bill was dismissed. Complainant appeals.

The bill challenges the constitutionality of the act creating the Alabama Oyster Commission "for the purpose of preserving the oyster and shrimp life in the public waters of this State and to increase and improve the supply thereof and to prevent undue or unnecessary depletion thereof." General Acts of Alabama 1935, p. 618.

The above purposes are recited in the title of the act.

Sections 8 and 9 of the act read:

"Section 8. The corporate purpose of the Commission is to encourage and promote the fullest possible use and development of the oyster industry within the jurisdiction of the State of Alabama and to preserve the oyster life in the public waters of this State, and to increase and improve the supply thereof, and to prevent undue or unnecessary depletion thereof.

"Section 9. The Commission when incorporated shall be vested with all powers

necessary or requisite for the accomplishment of its corporate purpose and capable of being delegated by the Legislature of the State of Alabama; and no enumeration of particular powers hereby granted shall be construed to impair any general grant of power herein contained, nor to limit any such grant to a power or powers of the same class or classes as those so enumerated." Acts 1935, pp. 619, 620.

The powers of the commission are further enumerated in section 10. Subdivision (5) of this section reads:

"(5) To exercise all the power and authority now conferred on the Commissioner of Game and Fisheries, Commissioner of Conservation, Chief Oyster Inspector or other official under Chapter 47, Code of Alabama, 1923 (Sections 2724-2777) and by any other provisions of law now existing or hereafter adopted which relate to oysters or shrimp in the waters of the State of Alabama." Acts 1935, p. 620.

Among the powers thus transferred from the commissioner of conservation to the Alabama Oyster Commission is that conferred by Code, § 2754, reading:

"The commissioner of conservation may make such regulations and rules, not inconsistent with the provisions of this chapter, to the end that the oysters of the state may be adequately protected and the industry encouraged."

The resolution of the Alabama Oyster Commission complained of, not set out in the bill, but as copied in appellant's brief, reads:

"Motion by Mr. Staples, seconded by Mr. Quinn, to prohibit dredging on all public reefs and state owned bottoms, in Alabama waters, beginning January 14th, 1936, until further action by the commission and to prohibit the carrying or transporting of dredges aboard any water craft, and authorize the inspectors to go aboard any boat or water craft at any time for the purpose of inspecting equipment thereon, except and unless the operator of such boat shall first contact the proper authority, Office, Alabama Oyster Commission, Coden, Ala., and show cause and secure permission to transport such dredge. This regulation is made in order to further propagate and preserve the oyster industry in Alabama, in accordance with recent survey by the U. S. Department of Fisheries, recommending to the commission that this action be taken."

Proceeding to a consideration of pertinent law, a leading case in Alabama is State v. Harrub, 95 Ala. 176, 10 So. 752, 15 L.R.A. 761, 36 Am.St.Rep. 195. The law is well summarized in headnote 1 as follows:

"State's proprietary rights in and to oyster-beds and oysters.—The State of Alabama owns the absolute property in the oyster-beds and oysters in her navigable waters, holding it in trust for the use and benefit of her people, subject only to the paramount right of navigation; and in the exercise of her property rights, she may, by legislative enactment, grant or give away the right to take oysters, restricting the grant to her own citizens, and qualifying the exercise of it by them by limitations as to time and manner of taking, selling, or transporting, until the oysters have become an article of inter-state commerce, and as such subject to the laws of the United States."

In that case this court fully reviewed the authorities, federal and state, quoting from Smith v. State of Maryland, 18 How. 71, 15 L.Ed. 269 (dealing with an act to prevent destruction of oysters in the waters of a state), the following excerpt:

"'But this soil is held by the state not only subject to, but in some sense in trust for, the enjoyment of certain public rights, among which is the common liberty of taking fish, as well shell-fish as floating fish. The state holds the propriety of this soil for the conservation of the public rights of fishery thereon, and may regulate the modes of that enjoyment so as to prevent the destruction of the fishery. In other words, it may forbid all such acts as would render the public right less valuable or destroy it altogether. This power results from the ownership of the soil from the legislative jurisdiction of the state over it, and from its duty to preserve unimpaired those public uses for which the soil is held.'" 95 Ala. 176, 182, 10 So. 752, 753, 15 L.R.A. 761, 36 Am.St.Rep. 195.

See, also, 26 C.J. p. 626, § 44; Id. p. 608, § 23; Cleveland et ux. v. Alba, 155 Ala. 468, 46 So. 757; Havard v. State, 23 Ala. App. 228, 124 So. 912.

■ The power and duty of the state to protect the paramount interests of the public by regulations prescribing the manner of taking oysters from its waters, and to this end, prohibiting the taking of oysters by dredging or other method depleting the

oyster supply is clear, and not subject to reasonable debate.

It follows the citizen has no such individual property right in the conduct of a lawful business, or in the oysters or oyster bottoms, as will stand in the way of such regulations. We are not here concerned with leases or contracts under the statutes looking to increased oyster supply through private planting and the like.

The· point much stressed by appellant is a contention that the act of 1935, supra, is invalid as an attempted delegation of legislative power to a state agency.

The act in terms limits the powers conferred to those "capable of being delegated by the Legislature of the State of Alabama." This expressly negatives any legislative powers not capable of being delegated under our constitutional system.

But the point urged seems to be that the power to forbid dredging in the oyster business is essentially legislative; that the law itself must expressly authorize regulations touching dredging operations.

Sections 8 and 9 of the act, with or without the aid of section 2754, clearly empower the commission to exercise all powers which can be conferred, namely, regulative powers, to preserve the oyster life, increase and improve the supply thereof, and to prevent undue depletion thereof. This, we think, clearly enough defines the purpose and scope of regulative power, and includes the power to regulate the manner of taking oysters, which, in turn, includes prohibition of dredging as one of the means to the end defined by law. The reason for creating such agencies is that effective regulations must come from a body in contact with and fully informed of the·problem and the best manner of dealing with it.

That the act does not specifically refer to dredging as one of the matters demanding regulation is of no more concern than any other regulation the commission may deem proper to accomplish the purposes specified in the act. The logic of appellant's position is that general regulative powers to accomplish defined purposes cannot be granted, but the Legislature must inform itself and specify the particular lines of regulation to be followed. This is out of line with decisions, here and elsewhere, upholding regulatory powers conferred in general terms, for well-defined

purposes named in the law. The entire subject-matter here involved concerns the conservation of state properties through a state agency, protection of a source of food supply, owned by the state, and the oyster industry growing out of same. We conclude the regulation challenged was and is valid. State v. McCarty, 5 Ala.App. 212, 59 So. 543; Ingram v. State, 39 Ala. 247, 84 Am.Dec. 782; Wheeler v. River Falls Power Co., 215 Ala. 655, 111 So. 907; Parke et al. v. Bradley, State Treasurer, 204 Ala. 455, 86 So. 28; Ferguson v. Starkey, 192 Ala. 471, 68 So. 348; Curlee v. State, 16 Ala.App. 62, 75 So. 268; Hill et al. v. Moody, Probate Judge, et al., 207 Ala. 325, 93 So., 422; Hard, State Comptroller, v. State ex rel. Baker, 228 Ala. 517, 154 So. 77.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.