29 So.2d 683

## VAN VALKENBURG v. STATE.
### 8 Div. 510.

Court of Appeals of Alabama.
Nov. 12, 1946.

Rehearing Denied Dec. 10, 1946.

John R. Thomas, Jr., of Huntsville, for appellant.

Wm. N. McQueen, Atty. Gen., and Willard W. Livingston, Asst. Atty. Gen., for the State.

**HARWOOD, Judge.**

Appellant was found guilty by the lower court without a jury of the offense of trespass after warning denounced by Sec. 426, Title 14, Code of Alabama 1940. The court imposed on appellant a fine of $25 and costs.

The essential facts are that Mrs. Alice Geron, who for convenience will hereinafter be referred to as the prosecutrix, purchased the premises known as the Brickell home in April, 1938. Thereafter in February, 1945, Mr. Wilfred Van Valkenburg, hereinafter referred to as the defendant, purchased a lot adjoining prosecutrix's premises. Both parties claim possession of a strip roughly twenty-seven feet in width as a result of an overlap in the descriptions in their respective deeds.

There is much testimony relative to the chains of title of the respective parties, and it might be noted that both lots were originally a part of the Brickell premises. However, Section 426, Title 14, Code of Alabama 1940, is designed to protect possessory interests. Title to the trespassed premises is not involved. Central Iron & Coal Co. v. Wright, 20 Ala.App. 82, 101 So. 815; Havard v. State, 23 Ala.App. 228, 124 So. 912, certiorari denied 220 Ala. 359, 124 So. 915. It is no defense in a prosecution of this nature, where the prosecutor is in actual possession of the lands trespassed upon, that the defendant claims, or has, a superior title. Burks v. State, 117 Ala. 148, 23 So. 530; Sherman v. State, 105 Ala. 115, 17 So. 103.

The tendency of the evidence for the prosecution shows that after purchasing the Brickell home in 1938 the prosecutrix went into possession of the premises. At that time a driveway and small brick outhouse were on, or partially on, the land constituting the disputed twenty-seven foot strip. She tore down the small brick house, destroyed the driveway, and incorporated this portion of the premises into a part of her front yard. Thereafter she took steps to landscape or beautify the strip, tended the grass thereon, and planted shrubs and flowers. Her possession of the disputed premises was as full as possession ordinarily is of the yards surrounding a residence. Photographs of the premises taken and received in evidence show this disputed strip to be a continuous part of the yard of prosecutrix's home, with no demarcation whatsoever evident to identify the disputed area.

As to this phase of the evidence pertaining to possession of the disputed strip the tendency of the evidence for the defendant shows that after purchasing lot adjoining the prosecutrix the defendant went thereon

several times in surveying and running the lines of the property he claimed. In addition he picked some flowers on the disputed strip, and "cleaned up brush and limbs on the property."

The prosecutrix at all times challenged defendant's right to be on the disputed strip.

By letter dated 5 March 1945 the defendant requested that prosecutrix remove all fence or fences from his property, describing the same in detail. Prosecutrix replied by letter dated 10 March 1945, and received by defendant on 15 March 1945, stating she did not consider the fence to be located on his property and would not move it. The letter ended with the following sentence "Ask that you please not trespass."

Thereafter on 18 March 1945 the defendant was seen on the disputed strip. Mr. Geron, husband of the prosecutrix, testified he thereupon, and as agent for his wife, told defendant he would have to get off *my* property and stay off. The prosecutrix testified she was in hearing distance of this conversation and that Mr. Geron on this occasion had told defendant "to get off *the* property and stay off." The defendant did leave, but returned in about an hour with an axe and proceeded to tear down a fence on the disputed strip. The defendant was also on the disputed property the next day running lines, placing stakes, etc.

After careful examination of the entire record we conclude that the material points raised thereby are:

1. Was the prosecutrix possessed of the disputed premises?

2. Was she dispossessed by the acts of the defendant so that notice by her to defendant not to trespass would be inefficacious?

3. Were the notices not to trespass given to defendant sufficient?

■ The lower court determined these questions of fact favorably to the prosecution. This court will not disturb the findings of a lower court on questions of fact unless it clearly appears that such findings are contrary to the great weight of the evidence. Gunnells v. State, 21 Ala.App. 648,

111 So. 320; Keith v. State, 30 Ala.App. 50, 200 So. 573, and cases therein cited. However, without resorting to this presumption of the correctness of the findings of fact by a lower court, it is our opinion that the findings by the lower court were in each instance manifestly correct.

■ The acts of dominion over the disputed tract exercised by the prosecutrix over a long number of years we think clearly showed her intent to possess the strip of land now in dispute, and to exclude others therefrom. See Holmes, The Common Law, p. 220; Root v. State, Ala.App., 25 So.2d 180,[1] certiorari denied 247 Ala. 514, 25 So.2d 182. Likewise we do not think that the casual entrances by the defendant on the disputed strip were of sufficient continuity and exclusiveness to be deemed to have dispossessed prosecutrix.

■ It is our opinion that the defendant was sufficiently notified to stay off the disputed land possessed by the prosecutrix, both orally and in writing. The prosecutrix testified that her husband, as her agent and in her hearing, told defendant to "get off the lot and stay off," and in addition she concluded her letter of 10 March 1945· "Please do not trespass."

■■ A warning not to "trespass" does not necessarily carry with it a warning not to go upon land, and if after a warning not to "trespass" one goes on the land with legal cause or good excuse he commits no offense, Woodruff v. State, 170 Ala. 2, 54· So. 240; Central Iron & Coal Co. v. Wright, supra, and the warning not to "trespass" is of no avail. However, since the purpose of Sec. 426, Title 14, is for the protection of the possession of real estate against intruders and trespassers, the claim of a superior title to the intended premises should not be considered as a legal cause or good excuse for intruding on possessed lands, and a person entering such lands after a warning by the possessor not to enter, even under a claim of superior title, is a trespasser against the possessory interest of the one then in possession. The defendant in this case was therefore within the terms even of the notice in the letter. In view of the existing dispute between the·

---

[1] Ante, p. 253.

prosecutrix and defendant over the possession of the disputed strip, and their many wranglings concerning same, to say that the defendant was not warned because he did not know the premises he was not to trespass upon would attribute to the defendant a naivete repugnant to common sense and every day reason.

Section 86 of Title 7, Code of 1940, provides that:

"Where two persons claim to have actual possession of the same land, he is deemed in possession who has the legal title, and the other is a trespasser."

It is our opinion that the dual or scrambled possession necessary to bring into operation the above section is so far lacking under the facts of this case as to make unnecessary any consideration of its application.

Affirmed.

BRICKEN, Presiding Judge (dissenting).

Having carefully and attentively considered all the facts and circumstances of this case as disclosed by the record I find myself unable to accord to the views and opinion of my Associates.

The prosecution in this case was begun by affidavit, and based upon Title 14, Section 426, Code of Alabama 1940, which makes it an offense for any person *without legal cause or good excuse* to enter on the premises of another after having been warned, within six months preceding not to do so.

The record discloses, and it is admitted by respective parties, that the "premises" alleged to have been trespassed upon consists of a 27 foot strip between the town lots of prosecutrix and defendant. It is further also admitted that both of the parties have a deed to the identical strip of 27 feet of the lots. The evidence discloses that both of the parties claimed the property in question and each of them testified and offered other proof tending to show that each of them was in actual possession of the disputed strip of land and were exercising acts of possession thereon.

In the brief filed by the State, in this case, appears the following statement:

"It is obvious that the deed of the prosecutrix and the deed of the defendant cannot be reconciled. From the description in each deed, there is an overlap of 27 feet between the two lots, which is the property in question."

An essential and material ingredient of the offense charged, is that the defendant entered upon said disputed premises without *legal cause* or *good excuse*. Unless that fact is proven by the evidence beyond a reasonable doubt, no conviction can be had, and it appears to the writer there is a total lack of any evidence in this case to sustain that material proposition. To the contrary it affirmatively appears that the defendant honestly believed he entered upon his own land of which he was in actual possession. And this in furtherance of his every effort to straighten out, and correct the controversy as to who was in possession of the premises in question. The facts of this case fail utterly to show that defendant had any intent to commit the crime charged and without intent so to do, there could be no crime.

As the writer sees this case, a criminal prosecution should not have been resorted to. It could in no manner settle the controversy between the adjoining land owners, and could only result in gratifying the prosecutrix that the neighbor was made to suffer. In other words, the "trespass after warning" statute is not designed to punish one party at the instance of another where both are merely scrambling for possession of the premises involved, and the party invoking the statute is not in exclusive possession of the entire premises in such sort that he is legally authorized to give warning. Code 1940, Title 14, Section 426; Havard v. State, 23 Ala.App. 228, 124 So. 912.

In Watson v. State, 63 Ala. 19, the Supreme Court said:

"The statute was intended to protect the possession of real estate, against the entry of intruders or trespassers; and it can not be made to serve the purposes of an action of trespass or ejectment. If the defendant, when warned by the prosecutor not to enter, was himself in possession of the premises; or if, at the time of his entry after

warning, the title and right of entry resided in him; in either case, no conviction can be had against him."

Under the law of this State there are several adequate remedies; remedies that could once and for all settle the controversy between the principals in this case. A prosecution for trespass after warning, as stated, settles no question involved conclusively. Hence, as stated, this prosecution should not have been had.

I am clear to the conclusion also that appellant is correct in the insistence that the purported warning, viz., "Please do not trespass" is fatally deficient under the law. Woodruff v. State, 170 Ala. 2, 54 So. 240.

Under the Statute, Title 15, Sec. 322, Code 1940, the Court of Appeals shall review the conclusions and judgment of the court on the evidence without any presumption in favor of the court below, either on the rulings of the law, or conclusion on the evidence, and if there be error, shall render such judgment in the cause as the court below should have rendered, or reverse and remand the same for further proceedings in the circuit court, as the Court of Appeals may deem right.

My opinion is, that the court erred to a reversal in finding the defendant guilty; and that such finding was contrary to the great weight of the evidence; and, for the reasons stated herein above, also contrary to law. It is my opinion the defendant should have been acquitted and discharged.