# Owens *v.* The State.

*Indictment for Trespass after Warning.*

74  401
109  33
74  401
117  92
117  693
74  401
140  203

1. *Declarations of third person; admissibility as evidence.*—The declarations of the defendant's brother, made to the prosecutor a few days before the commission of the alleged trespass, but not in the defendant's presence, nor shown to have been authorized by him, or even to have been communicated to him, are *res inter alios actæ*, and not admissible as evidence against the defendant; and neither the relationship between the two brothers, nor the fact that they were in company when the alleged trespass was committed, is sufficient to bring such declarations within the principle which governs the admissibility of the acts and declarations of conspirators as evidence against each other.

2. *Description of premises in indictment, and in notice.*—In a prosecution for trespass after warning (Code, § 4419), it is not necessary that the premises should be particularly described in the indictment; nor is it necessary that they should be particularly described in the notice or warning given to the defendant.

3. *Sufficiency of notice, or warning.*—*Warning*, as the term is used in the statute, implies actual notice, brought home to the party sought to be charged, and constructive notice (as, by written or printed notices posted on or near the premises, or knowledge of facts sufficient to put a party on inquiry) is not sufficient; but notice may be established by circumstantial evidence, and notoriety in the neighborhood, though not conclusive, is admissible for the consideration of the jury.

4. *Continuous act, not ground for election.*—A single entry on the premises, though followed by several acts as the defendant moved about,

.26

or was seen at different places, is but a single trespass, and presents no ground for compelling an election by the prosecution.

5. *Legal cause or excuse, as defense; burden of proof as to.*—"Legal cause, or lawful excuse" for the alleged trespass, is defensive matter, which the prosecution is not required to negative, but which must be affirmatively proved by the defendant, unless the testimony which proves the act also proves the excuse.

FROM the Circuit Court of Barbour.

Tried before the Hon. H. D. CLAYTON.

The indictment in this case charged, that the defendant, Brock Owens, " without legal cause, or good excuse, did enter on the premises of Gilbert McCall, after having been warned, within the six months preceding, not to do so ; against the peace," &c.    The cause was tried on issue joined on the plea of not guilty.    On the trial, as the bill of exceptions states, said McCall was introduced as a witness for the prosecution, and testified, in substance, that he owned a large body of land containing about one thousand acres, situated on Pea River, partly in Barbour, and partly in Pike county, all of which was in the swamp and woods, never having been cleared or inclosed ; that he and the several owners of the other swamp lands, comprising several thousand acres, posted their lands in December, 1882, by notices to which their names were jointly signed, and which were posted up at three places—" one at Bass' Mill, which was about three miles from the place of the alleged trespass ; one on the Pike county end of Hobdy's Bridge, · and one on the Barbour end of said bridge, which was on a public road, and about one-fourth of a mile from the place of said alleged trespass ;" and that the notices were in the following form : " *Warning*.    All persons are hereby warned not to trespass on any portion of our respective premises situated in Pike or Barbour county, Alabama.    All violators, after this notice, will be proceeded against under section 4419 of the Code of Alabama." The defendant moved to exclude this notice, or warning, from the jury as evidence, " because it was vague and uncertain, and described no particular land or premises ;" and he duly excepted to the overruling of his motion.    There was no positive proof that the defendant had actual notice of this warning as posted, but there was evidence tending to charge him with notice ; and it was shown that he was born and raised in the neighborhood, and lived about three miles from the place of the trespass.

Said McCall testified, "that within six months after said notices had been posted, to-wit, about February 12th, 1883, one Milton J. Owens, the brother of the defendant, and several other persons, the defendant not being with them, came to his house, and notified him that they, said crowd of persons then present, would go into the swamp next day, and upon his land,

[Owens v. The State.]

for the purpose of hunting wild hogs; to which witness replied, '*You can't go on my land with my consent.*'" To each part of this evidence, as to the declarations of said Milton J. Owens, and as to the reply of the witness, the defendant objected, "because he was not present at the time, and the same was illegal and irrelevant;" and he reserved exceptions to the admission of the evidence. "There was evidence tending to show that, two or three days after said interview between said M. J. Owens and others and said McCall, the defendant, said M. J. Owens and several others were together in said swamp, on said McCall's land, engaged in hunting wild hogs;" and one Cochran, a witness for the prosecution, "testified that, on the 12th, 13th, or 14th February, 1883, he saw the defendant, with said M. J. Owens and several other persons, in the swamp on said McCall's land," and that the defendant then had a tame hog on his shoulder. The defendant then introduced several witnesses, "whose testimony tended to prove that, at the time said alleged trespass was committed, the defendant had tame hogs in said swamp on McCall's land; that he was then on said land for the sole and honest purpose of taking and carrying off his own hog; that the hog caught was his, and that no one else ever asserted any ownership to it, though the fact of his taking it was generally known in the neighborhood, and was known to said McCall." On cross-examination of one of the defendant's witnesses, "the solicitor asked to be permitted to prove by him that, on the same day, after the alleged trespass, he saw the defendant on said McCall's land, at a different place, but near the same place; and stated, that he did not elect to proceed for this second trespass, but desired to prove it for the purpose of showing that the defendant knew where said McCall's land was." The court permitted the solicitor, against the objection of the defendant, "to prove such second trespass, and attendant circumstances;" and to the admission of this evidence the defendant duly excepted. There were several other exceptions reserved to the rulings of the court in the admission of evidence, but they are not deemed material.

"The court charged the jury, of its own motion, among other things, that it was not necessary for McCall's land to have been described, either by metes and bounds, or by numbers, in the notice alleged to have been posted by him; that if the defendant, from all the facts and circumstances in evidence, was in possession of such information as to the notice and the particular land which all persons were warned not to trespass upon, as would have put a reasonable man on inquiry, which inquiry, if followed up, would have led the defendant to a knowledge of what land all persons were warned not to trespass upon, then the defendant, in law, had notice of the particular land

[Owens v. The State.]

which he was warned not to go upon, and had a sufficient warning." The court charged the jury also, on the request of the solicitor, as follows: "If the defendant knew where said McCall lived, and had a general knowledge of his land, and could easily have found out, by inquiry, where said land was, it was his duty to have done so, and he can not be excused on the ground that he did not know where McCall's lands were; and in ascertaining whether he did know, or could easily have ascertained where said McCall's lands were situated, the jury may look to any evidence showing how long he and McCall have lived where they resided at the time of the alleged offense, and how far they resided from each other, with all the other evidence in the case." To each of these charges the defendant excepted.

The defendant requested the following charge, with others: "The State must show by the whole evidence, beyond a reasonable doubt, 1st, that the defendant had been warned, within the six months next preceding the time that the State elected to proceed against the defendant, not to trespass upon McCall's land; 2d, that the defendant knowingly entered upon said McCall's land; and, 3d, that he entered upon said McCall's land without a legal cause, or good excuse." The court refused this charge, and the defendant excepted to its refusal.

H. D. CLAYTON, Jr., for appellant.

H. C. TOMPKINS, Attorney-General, contra.

STONE, J.—The declarations of Milton J. Owens, made to McCall, the prosecutor, a few days before the alleged trespass, should not have been received. The defendant was not present, and it is not shown that he authorized them to be made, nor even that he was afterwards informed of the interview. Possibility, or even probability, that brothers thus circumstanced would act in concert, or that one would communicate to the other what had taken place, furnishes too uncertain a predicate for the admission of testimony, tending, at most, to prove conduct or conversation of persons, who are strangers to the record. They fall within the category of res inter alios actæ. Nor does the fact that the two were in company when the trespass was committed, a few days afterwards, prove that a conspiracy had been formed before the conversation was had, so as to legalize the evidence, or bring it within the principle that co-conspirators are responsible for the acts of each other.

2. The offense charged in this case is trespass after warning. Code of 1876, § 4419. It is objected, that the indictment is insufficient, in failing to describe the premises intended to be

[Owens v. The State.]

covered by the warning; and that the warning, or notice, is defective for the same reason. They conform to the rule laid down in *Watson v. The State*, 63 Ala. 19, and must be adjudged sufficient.

3. Warning implies notice; notice brought home to the knowledge of the party to be affected by it. The notice relied on in this case, consisted of written warnings, posted at three public places, not on the land, but in the neighborhood of it. To constitute such a notice a sufficient warning, no matter where posted, it was incumbent on the prosecution to prove, by that measure of proof required in criminal prosecutions, that the notice was carried home to the defendant. Actual knowledge, not constructive notice, is what the law exacts. Without such knowledge, or actual notice, there can be no criminality. Notice, like most other facts, may be proved by circumstantial evidence, if sufficiently convincing; and general notoriety in the neighborhood, if proved, may be considered by the jury on such inquiry; not conclusive, but an instrument of proof to be weighed. But, as we have said, constructive notice is not enough. There is a well recognized rule in civil cases, that proof of knowledge of a suggestive fact—one calculated to put the party on inquiry, and which, if followed up, would lead to discovery of the fact sought to be established—is equivalent to proof of actual notice of such material fact.—*Crawford v. Kirksey*, 55 Ala. 282; *Dudley v. Witter*, 46 Ala. 664. We know of no authority, however, for applying this principle to criminal prosecutions.

4. We do not think the question of election between two proven acts, was raised in this case. There was but one act proved; an act somewhat continuous in its nature. A single entry, and moving from place to place on the lands of the prosecutor, on one and the same occasion, could not, it would seem, be divided into two acts of trespass.

What we have said above will show that some of the charges given by the court need to be modified,—specially those which relate to constructive notice. Notice—actual knowledge of the warning—must be shown.

5. The third charge asked by defendant was rightly refused. If the fact of warning, and trespass within six months afterwards, were sufficiently proved, it was not necessary the State should go further, and prove the act was done without legal cause, or lawful excuse. This was defensive matter, the proof of which rested with the defendant, unless the testimony which proved the act, proved also the excuse.—*Hadley v. The State*, 55 Ala. 31.

Reversed and remanded. Let the accused remain in custody, until discharged by due course of law.