# Withers *et al.* v. The State.

## Prosecution for Traspass after Warning.

1. *Trespass after warning; proper form of warrant of arrest.*—When a complaint charging trespass after warning, is made before a justice of the peace, a warrant of arrest issued by such justice, commanding the defendants to be arrested and carried before the judge of the county court, is in the proper form, (Cr. Code of 1886,§ 4205 ; Cr. Code of 1896, § 4601) ; and the return of such warrant, together with the affidavit, gives to the county court jurisdiction of the case.

2. *Same; complaint should allege ownership of the property.*—An affidavit or complaint, charging a trespass after warning, should allege the ownership of the property trespassed upon, (Cr. Code of

1886, § 4204; Cr. Code of 1896, § 4600); and in the absence of such allegation, said complaint or affidavit is subject to demurrer.

3. *Same; fact that defendants who were out of possession had title to the property constitutes no defense.*—In a prosecution for trespass after warning, the fact that the defendants, who were out of posession of the property alleged to have been trespassed upon, had title thereto, constitutes no defense for the alleged trespass, and can not be considered in justification thereof; and a charge which so instructs the jury is free from error.

APPEAL from the County Court of Shelby.

Tried before the Hon. D. R. McMILLAN.

The prosecution in this case. was commenced by an affidavit made before a justice of the peace of Shelby county, which was as follows: "Before me, C. B. West, a justice of the peace for said State and county, personally appeared George Brazier, who being duly sworn deposes and says that he has probable cause for believing and does believe that the offense of trespass after warning has been committed in said county and that Milo Withers, George Jones and Pompey Mathews are guilty thereof, against the peace and dignity of the State of Alabama."

The justice of the peace before whom this affidavit was made, issued a warrant thereon, commanding the arrest of the defendants, and that they be carried "before D. R. McMillan, as judge of the county court of Shelby county." The defendants objected to being tried before the county court, because the warrant which was issued by the justice of the peace, commanded the officer to arrest the defendants, and carry them before the judge of the county court. This objection was overruled, and the defendants duly excepted. Thereupon the defendants demurred to the affidavit upon the following grounds: 1st. That it does not allege upon what property the trespass was committed. 2d. That the name of the person upon whose property the trespass was alleged to have been committed was not stated. This demurrer was overruled, and the defendant duly excepted.

The evidence for the State tended to show that George Brazier and John Gill bought from a secret order known as "The Independent Order of Immaculates" the property upon which the trespass was alleged to have been committed, which was a two story frame building; that

the second story of said building had been used by the said order as a lodge room; that immediately upon their purchase the said Brazier and Gill went into possession of the property and occupied the second story thereof as their private office; that they posted written notices upon the house and upon the door of the upper room warning all persons not to enter upon the same; that upon the day of the trespass as they were going up the steps of said premises they met the defendants going up the steps to said upper room; that they called their attention to the written notices, and warned them not to enter said room, that they, Brazier and Gill, owned said property; but that notwithstanding said warning the defendants entered said room and remained there for some time.

The evidence for the defendants tended to show that they were members of the "Independent Order of Immaculates," and that after the disbanding of the order in the town of Montevallo, where the premises in controversy were situated, they were appointed as a board of trustees to look after and care for certain property of the said order, which had been left upon the premises, and that it was in the discharge of these duties that they entered the room.

Upon the introduction of all the evidence, the court, at the request of the State, gave to the jury the following written charge: (1.) "The court instructs the jury that it would not be legal cause or good excuse for the defendants to show that they had the title to the property or that they owned it provided Brazier and Gill were in the possession. The jury are instructed not to consider the question of the title to the property as a justification to the defendants, provided Brazier and Gill had the possession." To the giving of this charge the defendant duly excepted, and also separately excepted to the court's refusal to give the following written charges requested by them: (4.) "If the jury believe from the evidence that the premises belonged to the members of the Immaculate Lodge and that Gill and Brazier bought the interest of six of the members and that there were 15 or 20 members, and that Pompey Mathews was a member and that Pompey Mathews went on the premises and that the other two defendants went with him with the consent of Pompey Mathews,

[Withers *et al.* v. The State.]

then even if Gill and Brazier were in possession of the premises at the time of the warning and of the alleged trespass, still Pompey Mathews as a joint tenant would have a right to go on the premises and to take with him the other defendants because the possession of one joint tenant is the possession of all the joint tenants, unless there has been an ouster of the joint tenant out of possession by the joint tenant in possession." (5.) "The possession of one joint tenant is the possession of all the joint tenants until an actual ouster or its equivalent." (6.) "If the jury believe the evidence, they should find the defendants not guilty." (7.) "If the jury believe that the prosecutors Gill and Brazier were in possession of the pemises at the time of the alleged trespass as mere trespassers, then the jury should find the defendants not guilty." (8.) "If the jury believe that the prosecuting witnesses and the defendants were joint tenants of the premises at the time of the alleged trespass, and that the said prosecutors recognized the joint tenancy of defendants, then they should find the defendants not guilty." (9.) "If the jury believe from the evidence that at the time of the alleged trespass Gill and Brazier were jointly in possession of the premises with the defendants, then they should find the defendants not guilty."

BROWNE & LEEPER, for appellant, cited *Bell v. State*, 75 Ala. 25; *Williams v. State*, 88 Ala. 80; *Brown v. Mayor, &c.*, 23 Ala. 722; *Sale v. State*, 68 Ala. 530.

WILLIAM C. FITTS, Attorney-General, for the State.

HEAD, J.—We think the warrant of arrest was issued in the proper form, requiring defendant to be taken before the judge of the county court. See form, Cr. Code of 1886, § 4205 and § 4208; Cr. Code of 1896, § 4601 and § 4604. The county court, therefore, had jurisdiction of the case.

The affidavit or complaint upon which the warrant was issued and the case tried, was subject to the demurrer assigned to it that it did not show the ownership of the property trespassed upon. Section 4204 of the Code of 1886, (Code of 1896, § 4600), requires the affidavit charging an offense against property to state the name of the owner. The court erred in overruling

[McAlpine *et al.* v. The State.]

this ground of demurrer. We have said that it was sufficient, in trespass after warning, to describe the property trespassed upon, as the premises of the person named as owner.—*Owens v. State,* 74 Ala. 401.

The charge given for the State correctly stated the law. This is not a proceeding for the trial of titles to real property. If Brazier and Gill were in possession, as the evidence shows they were, defendants had no right to trespass upon that possession, although, in point of fact, they may have been entitled to the possession as the holder of the title.—*Lawson v. State,* 100 Ala. 7.

Passing upon the charges requested by defendant and refused, numbers 4 and 5 were abstract and otherwise faulty.

Number 6 was manifestly bad, as also number 7.

Numbers 8 and 9 were abstract.

Let defendant remain in custody until discharged by due course of law.

Reversed and remanded.