# Murph v. The State

*Selling Liquor Without License.*

(Decided Dec. 19, 1907. 45 South. 208.)

1. *Trial; Appeal; Continuance; Discretion of Trial Court.*—It is within the discretion of the trial court whether or not it will grant a continuance in a cause, and not reviewable on appeal; unless clearly abused.

2. *Witnesses; Impeaching Testimony.*—In the predicate laid the witness was asked if he did not state in the presence of M. that he had been convicted of murder, which he denied; M. testified that the witness had stated that he had been convicted of shooting a man. Held, at variance with the predicate and properly disallowed.

3. *Intoxicating Liquors; Evidence; Admissibility.*—Evidence was admissible to show that the person who testified that he bought liquor from the defendant, had given liquor to another person on the same day and a short while after the alleged purchase.

APPEAL from Monroe Circuit Court.

Heard before Hon. John T. LACKLAND.

Andy Murph was convicted of selling liquor without license, and appeals. Affirmed.

[Murph v. The State.]

HYBART & BURNS, for appellant. The rule being sat-
isfied if the substance of the count or declaration is tes-
tified to by a witness, the exact words not being neces-
sary in laying a predicate, the court erred in refusing
to admit the testimony.—17 Ala. 219; 19 Ala. 51; 7
Ency. of Evi., p. 124.

ALEXANDER M. GARBER, Attorney General, for the
State. It was discretionary whether the court granted
the continuance or not.—*House v. The State,* 129 Ala.
132; *Walker v. The State,* 117 Ala. 185. The answer
was at variance with the predicate and the court did
not err in sustaining objection thereto.

HARALSON, J.—The defendant, Andy Murph, was
indicted for selling ispirituous, vinous or malt liquors
without a license.

The state having announced ready for trial, the de-
fendant stated he was not ready, because he had just
learned that the main witness for the state, whose name
was Henry Jones, had been convicted in Dallas county,
and upon conviction had been sentenced to the peniten-
tiary; and asked the court to continue the case until
defendant could get proof of the conviction of said wit-
ness. The court overruled the application for a contin-
uance, and required defendant to go to trial. It was
within the discretion of the court to permit or refuse
the continuance, and that discretion, as exercised in the
case, is not reviewable.—*House v. State,* 139 Ala. 132,
36 South. 732; *Walker v. State,* 117 Ala. 85, 23 South.
670.

The witness, Jones, was present, and being introduced
by the state, testified that he purchased, within a year
past, at defendant's house, in Monroe county, Alabama,
two pints of whisky; that he was on his way to church,

[Murph v. The State.]

and that Ed. Jefferson was with him, and witness got drunk on the whisky he purchased. He was asked by defendant, if he had even been convicted of a crime and sentenced to the penitentiary, and he answered, "No." He was not asked, what the alleged crime was, nor for how long he was sentenced to the penitentiary. He was then asked for the purpose of contradicting him, laying a proper predicate as to time and place, if he had not stated in the presence of John McKinley and two other witnesses that he had been tried and convicted in Dallas county for the offense of murder and sentenced to the penitentiary, and he answered, "No."

Witness McKinley was offered by the defendant, the object of whose evidence was, to contradict the witness, Jones, who testified that he had not been convicted of murder. The question was within the predicate laid, but the witness stated that Jones said he was convicted for "shooting a man," though whether he killed him or not was not stated. On objection of the state, the court excluded the answer; and in this there was no error. The answer was at variance with the predicate.

Jefferson, for defendant, testified that he was with Jones at the time they stopped at defendant's house, but did not see Jones buy the whisky from defendant. The solicitor asked him, on the cross, if Jones, during the day, had not given him a drink of whisky. The witness answered, "Yes." He also testified, that he saw Jones on his way to church that day, from defendant's house; that he had whisky and gave him a drink of it. The defendant moved to exclude these answers, because the same were irrelevant and immaterial, which objections were overruled, and in this, there was no error.

The fact that Jones gave Jefferson whisky, on the day of the offense, and shortly after he testified he bought it from defendant, was a circumstance proper to be con-

sidered by the jury, in determining whether or not Jones purchased the whisky.

Finding no error in the record, the judgment below is affirmed.

Affirmed.

TYSON, C. J., and DENSON and McCLELLAN, JJ., concur.