# Banks *v.* The State.

*Trespass After Warning.*

(Decided Dec. 21, 1911.   57 South. 63.)

1. *Continuance; Statutory Right.*—The purpose of the act creating the county court of Clarke county (Local Acts 1907, p. 369), is to secure to an accused, making a demand therefor, a jury trial, and hence, when a defendant demands and receives a jury trial in such court he is not in position to complain of a refusal of the court to continue the case to the next term.

2. *Same; Discretion.*—The granting or refusing of continuances rests largely in the discretion of the trial court, and will not be reviewed unless abuse is shown.

3. *Appeal and Error; Review; Exceptions; Objection.*—Where no objection or exception is made or reserved in the trial court to the manner in which a written charge requested by the defendant was given, or to the failure of the judge to make the customary endorsement on it, the court's action is not available on review on appeal.

4. *Trespass; Notice; Requisites.*—The warning required by the statute to support a conviction for trespass after warning implies a notice to the defendant not to go on the premises; hence, testimony that within six months of the commission of the offense, the prosecutor told the defendant to stay off the premises, and that he told accused several different times to do so, sufficiently shows a warning.

APPEAL from Clarke County Court.

Heard before Hon. THOMAS W. DAVIS.

John Adam Banks was convicted of trespass, and he appeals. Affirmed.

The evidence for the stated tended to show that within six months prior to the time the offense was committed Green told the defendant to stay off the land; that he had told the defendant several times to stay off the land, but that defendant had gone on his land with a wagon, and had cut some bushes with an ax along the road; and that the road was not a public one, but was an old private road along the prosecutor's land.

TRAVIS J. BEDSOLE, for appellant. The warrant should have been made returnable to the next term of the circuit court, and the warrant having been quashed and a new one issued, the case should have been continued for trial at the next term of the court.—Section 15, Local Acts 1907, p. 373. The warning was not sufficient.—*Woodruff v. The State,* 50 So. 240. The court erred in not reading the charge to the jury, and in failing to endorse "Given" on the back thereof.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The defendant received a jury trial, and hence, had the benefit of all that was intended to be conferred by the provisions of the act creating the court.—Local Acts 1907, p. 369. It was not incumbent on the court to read the charge, and as no exception was reserved to the manner in which the charge was given, the matter cannot be here reviewed.—Sec. 6242, Code 1907. The warning was sufficient.—*Owens v. The State,* 74 Ala. 401.

PELHAM, J.—The act creating the county court of Clarke county (Local Acts of Alabama 1907, pp. 360-377) provides (section 7) for a trial by jury when the person standing charged before the court with a misdemeanor makes a demand for a jury trial "at the first regular term of said court at which said case is triable." Section 6 of the act provides for regular terms of the court on the third Monday in each month of the year, and that the regular terms in each January and July shall be for the trial of jury cases. Section 8 provides that when a jury trial is demanded by the defendant the court must make an order continuing the case to the next jury term.

The bill of exceptions in this case states that the defendant, before proceeding to trial, moved the court to quash the affidavit and warrant upon which the defendant was brought before the court, which motion was granted. Another affidavit was made and warrant issued, upon which the defendant was tried. The defendant, upon being arraigned on the charge thus preferred, demanded a trial by jury, and moved for a continuance of the cause, upon the ground that it was a new case. The court overruled the motion, and the defendant duly excepted. This proceeding was had during the regular jury term of the court in July, and the defendant was put upon his trial and given a trial by jury.

The manifest purpose and legislative intent of the provisions of the statute referred to is to secure to a defendant, making a seasonable demand therefor, a trial by jury; and the provisions of section 8 of the act, requiring an order of continuance "to the next jury term of said court" when a demand has been made for a jury trial, could have had no other purpose than to secure a continuance to such a time as the defendant could be accorded a trial by jury, and has application, as referable to continuances, to a demand being made at one of the many terms of the court provided for when no jury was in attendance on the court, and no opportunity for a jury trial to be had at that term. The defendant, being charged at a jury term with the commission of an offense, and demanding a trial by jury, receives all the benefit intended to be conferred upon him by statute when he is accorded a jury trial; and the provisions of the statute in this behalf and the legislative intent is fully accomplished by giving him such trial.

Whether or not the defendant was entitled to a continuance for the purpose of preparing a defense, having his witnesses summoned, etc., was largely a matter of discretion with the trial court; and the record shows no abuse of the discretion.—*Murph v. State,* 153 Ala. 67, 45 South. 208; *Kelly v. State,* 160 Ala. 48, 49 South. 535.

No objection was made or exception reserved to the manner in which the written charge requested by the defendant was given to the jury, or for failure of the judge to make the customary indorsement on it; and, the charge having been given, the court's action in these particulars urged by appellant in brief as error, in the absence of an objection or exception reserved below, is not available on review.—*Jenkins v. State,* 82 Ala. 25, 2 South. 150.

The evidence was sufficient to support a finding of guilty of the offense charged. The previous warning required by the statute to support a conviction implies a notice to the defendant not to go upon the premises. The notice testified to by the state's witnesses constituted a sufficient warning.—*Motes v. Bates,* 74 Ala. 374, 378; *Owens v. State,* 74 Ala. 401.

No reversible error is shown by the record, and the case will be affirmed.

Affirmed.