# Jefferson v. The State.

### Violating Prohibition Law.

(Decided April 8, 1913.   62 South. 313.)

1. *Indictment and Information; Sufficiency; Statute.*—Under section 29½, Acts 1909, p. 90, an indictment charging the offense in the language of the statute is good against demurrer.

2. *Judgment; Recitals; Conclusiveness.*—Where the original verdict assessed a fine of "400.00," and the verdict as set out in the judgment entry assessed a fine of $400.00, the solemn memorial of the proceedings as contained in the judgment entry could not be contradicted where no question as to the sufficiency of the verdict to support the judgment was made in the court below.

3. *Charge of Court; Comment on Evidence.*—The court is under no duty to charge the jury that they may look to or consider a particular fact, or particular facts for a specific purpose, although there is evidence thereof.

APPEAL from Dallas Circuit Court.

Heard before Hon. B. M. MILLER.

Ira Jefferson was convicted of violating the prohibition law, and he appeals. Affirmed.

The indictment charged the defendant sold, offered for sale, kept for sale, or otherwise disposed of spirituous, vinous, or malt liquors, contrary to law. The demurrers set up that it charged no offense, that it failed to show the time or place, and many other technical objections under the statutes and Constitution, as to the nature and cause of the offense. The charges referred to were: The affirmative charge, and if the jury believe that Hayes said he would get even with Jefferson when the grand jury met, they may look to that fact in weighing the testimony, and find from that whether Hayes was interested in convicting the defendant, and, if they do not believe Hayes, they should acquit the defendant.

A. D. PITTS, CRAIG & CRAIG, and REESE & REESE, for appellant. No brief reached the Reporter.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The indictment was in the language of the statute, and therefore sufficient. Charge 2 was properly refused.—*Prater v. State,* 107 Ala. 26. Where the bill of exceptions and the record differ the record will prevail as to all matters properly shown thereby.—*Childs v. State,* 97 Ala. 49; *Dannelly v. State,* 130 Ala. 132. It follows that the judgment will control, especially in view of the fact that no question was raised, in the court below as to the sufficiency of the verdict.

WALKER, P. J.—The indictment was in the form prescribed by the statute (Acts of Ala. Special Session 1909, pp. 63, 90, § 29½), and the demurrer to it was properly overruled.

Error cannot be predicated of the refusal of the court to give charge 2 requested by the defendant. A court is

not required to give a charge asserting that the jury may look to or consider a particular fact of which there is evidence.—*Dorough v. Harrington & Sons,* 148 Ala. 305, 42 South. 557; *Austin v. State,* 145 Ala. 37, 40 South. 989.

The attention of the court has been called to the fact that what has been certified to us as "the original verdict of the jury in said case" concludes as follows, "and assess the fine 400.00"; and it is suggested that such a verdict did not furnish support for a judgment imposing a fine of $400. In the particular pointed out there is a discrepancy between what is so certified as the "original verdict" and the verdict of the jury as it is set out in the judgment entry; the latter being as follows: "We, the jury, find the defendant guilty as charged in the indictment, and assess against him a fine of four hundred dollars, as punishment for his said offense." "The orders and entries in this case must be received as emanating from the court. The judge who made the orders and entries must be presumed to have known the facts, and to have spread them correctly on the record."—*Deslonde & James v. Darrington's Heirs,* 29 Ala. 92. It may be that the form of the "original" verdict was by the jury so changed as to make it read as it is set out at length in the judgment entry. At any rate, especially in view of the failure of the record to indicate that any question was raised in the trial court as to the verdict being in any respect insufficient to support the judgment entered upon it, what has been certified as the original verdict cannot be allowed the effect of contradicting the court's solemn memorial of the proceedings in the cause.

Other rulings disclosed by the record obviously involved no error.

Affirmed.