# Herring v. The State.

## Seduction.

(Decided April 18, 1916. Rehearing denied May 30, 1916.
71 South. 974.)

1. **Evidence; Conclusions; Short-hand Rendering.**—Where the prosecutrix had affirmatively testified that the defendant promised to marry her, her further testimony that, as they were coming back from the church, "he put in to begging me" and said they would marry and no one would ever know it, was not the statement of a conclusion, but one of fact, which not only involved what the defendant said, but his manner, and was admissible under the rule that where a fact cannot be reproduced, a witness may describe the fact according to the impression or effect produced upon his mind.

2. **Appeal and Error; Harmless Error; Evidence.**—The admission of evidence erroneously is rendered harmless, where the witness subsequently states the facts constituting and leading up to the transaction in question.

3. **Seduction; Evidence.**—In a prosecution for seduction the state may show the relation between the accused and the prosecutrix, his conduct towards her, whether their association was frequent and intimate, and the fact that the accused corresponded with her, and its duration.

4. **Same.**—Such correspondence being shown it was competent to show that some of the letters written by accused to prosecutrix had been destroyed at the instance of the accused.

5. **Same; Elements; Pregnancy.**—Pregnancy is not an element of the crime of seduction; hence the fact that pregnancy did not result from the act of sexual intercourse between accused and prosecutrix, if he, in fact, had sexual intercourse with her, was not material.

6. Same.—The fact of pregnancy tends to prove sexual intercourse, it being a fact of scientific and common knowledge that pregnancy is the result of sexual intercourse.

7. Witnesses; Impeachment; Crime.—It not appearing that the offense for which the witness had been convicted involved moral turpitude the fact that the witness had served a time upon the streets was not competent as impeachment.

8. Charge of Court; Form.—The use of the term "segregatery" for segregately, in a charge, authorized its refusal, under the statute.

9. Seduction; Prosecutrix; Corroboration.—While the uncorroborated testimony of the prosecutrix does not authorize a conviction for seduction, yet if her testimony is corroborated by evidence as to any material fact, which satisfies the jury that she is worthy of belief, this is sufficient.

10. Charge of Court; Singling Out Testimony.—A charge asserting that the jury could not convict on the uncorroborated testimony of the prosecutrix, while correct, was properly refused as singling out evidence, and ignoring corroborative evidence introduced.

11. Same; Covered by Those Given.—A charge that a conviction could not be had upon the uncorroborated evidence of the prosecutrix is covered by charges given stating that the corroborating evidence must be as to a material fact or matters, and tend to connect the defendant with the crime, and to corroborate the testimony of the prosecutrix.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Will Herring was convicted of seduction, and he appeals. Affirmed.

The facts sufficiently appear in the opinion, except that the defendant proposed to show that about a week or more after the alleged act of intercourse the prosecutrix went before a justice of the peace and swore out a warrant for bastardy against the defendant, and to follow this up by proof that she was never, in fact, pregnant.

The following charges were refused to the defendant: (1) Before the jury can convict the defendant each juror must separately and segregatery be satisfied beyond a reasonable doubt from the testimony that the defendant is guilty, or they cannot find him guilty.

(2) Affirmative charge.

(3) The court charges the jury that they cannot convict the defendant on the uncorroborative testimony of the witness Annie Barnes.

ESPY & FARMER, for appellant. WILLIAM L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

BROWN, J.—(1) The prosecutrix, while testifying as a witness, after giving an affirmative answer to the solicitor's question, "Did he at any time promise to marry you?" further stated in this connection: "He promised to marry me that very night that he mistreated me, on Saturday night before the fourth Sunday in September of 1914. We were coming on from the church. As we went on to church he didn't say anything about it, but, when we were coming on back, *he put in to begging me,* and he said we would marry, and nobody would ever know it."

The defendant's motion to exclude the words italicized was properly overruled. The statement was not a conclusion, but the statement of a fact, which not only involved what the defendant said, but his manner, tone, and facial expression.

"Where a fact cannot be reproduced and made apparent to the jury, a witness may describe the fact according to the effect produced on his mind."—*Mayberry v. State,* 107 Ala. 67, 18 South. 219.

(2) Furthermore, the record shows that the witness, in her subsequent testimony, stated in detail the facts constituting and leading up to the transaction in question.—*Fuller v. State,* 117 Ala. 39, 23 South. 688.

(3, 4) It was permissible for the prosecution to show the relation between the accused and the prosecutrix, his conduct toward her, whether their association together was frequent and of an intimate character, the fact of accused keeping up a correspondence with her, and its duration and character.—Underhill, Criminal Evidence, § 388; *Bracken v. State,* 111 Ala. 68, 20 South. 636, 56 Am. St. Rep. 23. And, where such correspondence is shown, it was permissible for the prosecution to show that some of the letters written by the accused to the prosecutrix were destroyed at his instance.—*Smith v. State,* 183 Ala. 10, 62 South. 864. It follows that it was not error for the court to admit the testimony of the prosecutrix that the letters offered in evidence were not all that she had received from him, and that the others were destroyed by her at defendant's request.

(5) The fact that pregnancy did not result from the act of sexual intercourse between the accused and prosecutrix, if, in fact, he had sexual intercourse with her, was not material, as pregnancy is not an element of the offense of seduction, and the fact that prosecutrix did not become pregnant did not tend

in the least to contradict her testimony tending to show that the defendant through art, flattery, or promise of marriage induced her to surrender her virtue and submit to his embraces. It is a matter of scientific knowledge that such intercourse may occur without pregnancy resulting. Therefore, if the defendant had laid a proper predicate by showing the loss of the complaint made before the justice, and that it could not be found after diligent search for it, its contents would not have been admissible to impeach the prosecutrix on immaterial matter.—*Ragland v. State,* 125 Ala. 12, 27 South. 983.

(6) It is likewise a matter of common as well as scientific knowledge that pregnancy, in the regular course of nature, is the result of sexual intercourse, and therefore the fact of pregnancy tends to prove sexual intercourse.—*Cunningham v. State,* 73 Ala. 51.

(7) The fact that the witness Cook had served a sentence on the streets was not admissible for the purpose of impeaching his testimony, unless it was for an offense involving moral turpitude, and this does not appear.—*Gillman v. State,* 165 Ala. 135, 51 South. 722.

(8) The use of the word "segregatery" in the first refused charge appearing in the bill of exceptions for "segregately" justified its refusal.—*Gaston v. State,* 161 Ala. 37, 49 South. 876.

(9) The uncorroborated evidence of the woman seduced, under our statute, does not authorize a conviction, but corroboratory evidence as to any material fact which satisfies the jury that the woman is worthy of belief is sufficient.—*Suther v. State,* 118 Ala. 88, 24 South. 43. There was corroboratory evidence in this case requiring the submission of the issues to the jury and the affirmative charge was properly refused.

(10, 11) The other refused charge complained of, while it asserts a correct abstract proposition, singles out the testimony of the prosecutrix, and ignores the corroborating evidence. Furthermore, this proposition was fully covered by charge 4 given at the instance of the defendant, which was more favorable to him than the rule above announced, in that it asserted that the corroborating evidence "must be as to material matters, and tend to connect the accused with the crime, and to corroborate the evidence of the prosecutrix," while the true rule is thus stated by BRICKELL, C. J., in *Suther's Case, supra*: "After a

[Danal v. The State.]

thorough consideration of the question the conclusion was reached and the rule announced that the corroboratory evidence is sufficient if it extends to a material fact, and satisfies the jury that the woman is worthy of credit."

We find no error in the record, and the judgment is affirmed. Affirmed.