# Smith *v.* The State.

### Selling Whisky on Election Day.

(Decided August 1, 1916. 72 South. 593.)

1. **Witnesses; Examination; Cross.**—It is largely in the discretion of the court as to the scope allowed in cross examining a witness for interest or bias; hence, it was not error to limit such examination by excluding the question, "You did not go after any other white woman, did you?" where the details of employment of witness to secure evidence as to sales of intoxicating liquors were fully covered by the cross examination.

2. **Same.**—The latitude allowed on cross examination, or its restriction, resting largely in the discretion of the trial court, is not subject to review unless a clear abuse is shown resulting in injury to the complaining party.

3. **Evidence; Character of Defendant.**—A witness may say what defendant's reputation for truth and veracity is, and need not be confined to the time of the trial, where the answer clearly indicates that the witness referred to the reputation at that time.

APPEAL from Jefferson Criminal Court.

Heard before Hon. H. P. HEFLIN.

Ida Smith, alias Stephens, was convicted of selling prohibited liquors on election day, and she appeals. Affirmed.

J. REESE MURRAY, for appellant. W. L. MARTIN, Attorney General, and P. W. TURNER, Assistant Attorney General, for the State.

PELHAM, P. J.—The defendant was convicted of selling prohibited liquor on election day in violation of the laws to suppress the evils of intemperance. The record presents nothing for review but rulings of the trial court on the evidence. A considerable number of objections are shown to have been made by the defendant's counsel during the course of the trial on the examination of the witnesses, but exceptions were reserved to the rulings of the court in only a few instances, and but two of these are insisted upon in brief of counsel filed here.

(1, 2) It is insisted as to one of these rulings that the court committed error that requires a reversal in not permitting the defendant's counsel to ask the state's witness Thorpe on cross-examination, "You did not go after any other white woman, did you?" The witness Thorpe, according to his testimony, which was not in conflict with the other evidence in the case, had been employed by the sheriffs force to assist the officers in making cases against supposed or suspected violators of the law by making, or undertaking to make, purchases of prohibited liquors from the persons under suspicion, by the direction of or under the orders of the officers in charge of apprehending this class or character of violators of the law, and reporting back to, or informing the officers. This witness (Thorpe) had testified to having engaged in the transaction in question, the basis of the prosecution, under the specific direction of a named deputy sheriff (one Austin), who was also examined as a witness, and testified to having given Thorpe the specific direction testified to by him in respect to securing evidence against this defendant by going to the hotel kept by her for the purpose of purchasing prohibited liquor from her. Defendant's counsel was permitted to cross-examine the witness Thorpe at considerable length about the transaction, and his relations with the sheriff's office and his interest in making the case. Under these circumstances, we cannot say that the trial court committed reversible error in restricting the cross-examination of this witness to the extent of not allowing the question we have above set out to be answered for the purpose of showing the feeling, interest, or bias of the witness. Such matters are largely within the discretion of the trial court, and it does not seem to us that in this case an abuse of the court's discretion is shown that would authorize, upon a review of that ruling here, a reversal of the case. The latitude that is permissible on the cross-examination of a witness touching his sincerity, bias, etc., rests largely in the discretion of the trial court, and is not subject to review usless a clear abuse is shown that resulted in injury to the complaining party.—*Crain v. State*, 166 Ala. 1, 52 South. 31; *Smiley v. Hooper*, 147 Ala. 646, 41 South. 660.

(3) The only other ruling of the court insisted upon as reversible error is that the court permitted the state's witness Mitchell, over objection interposed by the defendant, to answer the following question: "I will ask you, Mr. Mitchell, what her reputation for truth and veracity was at that time?"

[Ogden v. The State.]

The witness had just testified without objection that the general character of the defendant was bad at the time she had been arrested for the offense for which she was being tried. The defendant was arrested in April, 1915, and was tried the following September. The contention is that the testimony of the witness should have been confined to the time of his giving his testimony; in other words, that the reputation testified to should have been limited to that of the accused at the time of the trial. There is no merit in this insistence. The objection was general, and the answer of the witness clearly indicates that it had reference to his knowledge of the defendant's reputation at the time of the trial. The answer was: "From what I know of her character and general reputation, I don't think I would believe her on oath, where she is concerned, where she is interested."

No motion was made to exclude the answer. Several other witnesses testified to the bad character of the defendant for truth and veracity, and there was no contra testimony on this subject.

Other rulings of the court on the evidence to which exceptions were properly reserved are free from error.

Affirmed.