(87 South. 526)

## McCLELLAN v. LYLE-TAYLOR GRAIN CO.
### (8 Div. 251.)

(Supreme Court of Alabama. Nov. 25, 1920.)

1. Evidence ☞471(29)—Testimony that part of contract did not concern witness held a conclusion.

In an action for breach of a contract of sale, where there was a dispute as to the agreement concerning delivery, and a witness was asked if it was a part of the contract that the property was to be sent by boat, his answer that such part of the contract did not concern him was a conclusion and purely gratuitous, and should have been stricken.

2. Appeal and error ☞1047(3)—Refusal to exclude conclusion of witness held not reversible error.

Where the issue concerning the agreement as to the place of delivery under a contract of sale was simple and well defined by the evidence and clearly stated to the jury, the refusal to exclude the statement of a witness that the part of the contract concerning delivery did not concern him, though a conclusion, held error without prejudice.

3. Witnesses ☞387—Leading questions may be asked to contradict witness.

Leading questions may be asked when the purpose of the question is to impeach a witness and elicit evidence contradictory of statements made by the witness on the trial.

4. Witnesses ☞388(9)—Impeaching question properly excluded when not agreeing with predicate or testimony.

A question asked for the purpose of eliciting testimony concerning a statement by a witness contrary to his testimony is properly excluded when there is a discrepancy between the question and the predicate or statement sought to be contradicted.

5. Witnesses ☞388(9)—Question for impeachment purposes properly excluded as differing from testimony.

Where a witness denied telling F. that he had corn "that was liable to be damaged," a question asked F. as to whether such witness told him he had corn "that was exposed to the weather" was properly excluded.

6. Trial ☞252(13)—Instruction as to buyer's right to refuse corn properly refused as abstract.

In an action for breach of contract for the sale of corn, where defendant claimed the corn was to be delivered at a certain place and plaintiff was to send a boat for it, but never did, an instruction that if defendant had shipped the corn by railroad plaintiffs would have had a right to refuse to receive it was properly refused as abstract.

Appeal from Circuit Court, Limestone County; R. C. Brickell, Judge.

Action by F. E. Taylor and others, partners, doing business under the name and style of Lyle-Taylor Grain Company, against W. H. McClellan, for damages for breach of contract to deliver 2,000 bushels of corn. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

The complaint alleges that the defendant sold plaintiffs 2,000 bushels of white corn at and for $1.60 per bushel., and agreed to deliver said corn to plaintiffs at Bank Street wharf, in Decatur, Ala. The defense was that the defendant agreed to sell and deliver the corn at Elk River Mills, on Elk river, and that plaintiffs agreed to send a boat for the same on the first rise of the river, and that defendant had said corn shelled and sacked and ready for delivery at Elk River Mills, but that the plaintiffs failed to send a boat at the first rise of the river or any time thereafter, although often requested to do so, to his damage in the sum of $600.

Charge 8 as refused to the defendant is as follows:

The court charges the jury that had McClellan shipped the corn to plaintiff by railroad plaintiffs would have had the right to refuse to receive it.

J. G. Rankin, of Athens, for appellant.

When not responsive to the question, illegal evidence may be excluded on motion. 112 Ala. 490, 20 South. 526. Questions for impeachment are not objectionable, because leading. 78 Ala. 284, 56 Am. Rep. 31; Jones on Evidence, §§ 818, 840; Wigmore, § 779. The contract requiring the corn to be shipped by boat, a shipment by rail would release the buyer from obligation. 1 Ala. App. 664, 56 South. 49.

Eyster & Eyster, of Albany, for appellee.

The issues were clearly and properly submitted to the jury under a proper charge of the court, and no error of a harmful nature intervened.

BROWN, J. [1] The statement of witness Taylor, in response to the question propounded to him on cross-examination, "It was a part of the contract that it was to be sent by boat?" that "that part of the contract did not concern me," was clearly the statement of a conclusion, and purely gratuitous, and the court erred in overruling the motion of defendant to exclude it. Am. Oak Extract Co. v. Ryan, 112 Ala. 337, 20 South. 644.

[2] However, in view of the fact that the issue between the parties was simple and well defined not only by the evidence, but clearly stated to the jury in the charge of the court, we hold that this error was without prejudice to the appellant, and will not work a reversal of the judgment.

The witness Taylor on cross-examination admitted that he had a conversation with

Frost some time in February, 1918, with reference to getting a boat to move the corn sold by defendant to plaintiff, and stated: "I did not tell Mr. Frost in that conversation that I had some corn already paid for *that was liable to be damaged.*"

After the plaintiffs had concluded their evidence in chief Frost was offered as a witness and, after testifying to the conversation had with the defendant in respect to a boat to move the corn, he was asked by the defendant, "Do you recall Mr. Taylor telling you, in that conversation that you had when you called the Lyle-Taylor Grain Company, that he had other corn already paid for *that was exposed to the weather?*" At the time this question was put to the witness there was evidence before the court and jury sufficient to indicate that this question called for material testimony tending to impeach the statement of witness Taylor, and it was not subject to the only objection interposed to it—that it was leading.

[3] One of the exceptions to the rule against leading questions is when the purpose of the question is to impeach a witness and elicit evidence contradictory of statements made by the witness on the trial. Phœnix Ins. Co. v. Moog, 78 Ala. 284, 56 Am. Rep. 31; Jones on Ev. §§ 818, 840.

[4, 5] However, when there is a discrepancy between the predicate or the statement sought to be contradicted and the question, it is not error to sustain an objection to the question. Murph v. State, 153 Ala. 67, 45 South. 208. There was such discrepancy here, as indicated by the italicized portion of the statement by the witness Taylor, and the question propounded to the witness Frost; and the ruling of the court was free from error.

[6] Charge 8, refused to the defendant, was abstract, and for this reason, if no other, was properly refused.

Finding no reversible error in the record, the judgment of the circuit court will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.