(127 So. 244)

### JAYE v. STATE.

### I Div. 860.

Court of Appeals of Alabama.

Jan. 14, 1930.

Rehearing Denied Feb. 4, 1930.

C. L. Hybart, of Monroeville, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

### BRICKEN, P. J.

Appellant, defendant below, was tried and convicted for the offense of violating the prohibition laws of the state. The prosecution originated in the county court, and from a judgment of conviction in that court an appeal was taken to the circuit court. In the circuit court, not having demanded a jury, the accused was tried by the court without a jury. The court found the defendant guilty, to which action an exception was reserved, and this presents the only question for determination by this court.

It is true, as insisted, the statute provides in appeals of this character, that is to say, where the case is tried by the court without a jury, this court shall review the same, on appeal, without any presumption in favor of the court below either on the rulings on the law or conclusions on the evidence, and, if there be error, shall render such judgment in the cause as the court below should have rendered, or reverse and remand the same for further proceedings in the circuit court as this court may deem right. Code 1923, § 8599.

The foregoing section has been several times construed by the appellate courts. In Peterson v. State, 17 Ala. App. 662, 88 So. 49, this court said that where the testimony was taken ore tenus, the court's finding is treated like the verdict of a jury, and will not be dis-

turbed unless plainly contrary to the weight of the evidence; and this rule applies, notwithstanding this section.

In Fleming's Case, 213 Ala. 592, 105 So. 679, the Supreme Court said that this section is not intended to require appellate courts to disregard finding of trial court on facts when such court had better opportunity to pass on evidence than the appellate court, as, if so intended, the section would be unconstitutional as encroaching upon judiciary. See, also, Ex parte McMahen & Sons, 213 Ala. 642, 106 So. 57.

The duty imposed on appellate courts to review convictions of a lower court, sitting without a jury, without indulging in any presumption in favor of such lower court, is not an abrogation of the rule as to the weight to be accorded findings of fact by a trial court, but applies only where the opportunities of the appellate court to consider the evidence are the same as the trial court had, as in depositions. McGuire v. State, 19 Ala. App. 138, 95 So. 565. Ross v. State, 15 Ala. App. 187, 72 So. 759. Ex parte Ross, 198 Ala. 694, 73 So. 1001.

In the instant case no point of law is involved upon this appeal. The only question presented is one of fact. We note from the evidence that there is no dispute that this appellant delivered to one Willie Milton a Ne-Hi bottle containing liquid. The state's witnesses testified that the contents of the bottle was whisky. The defendant and his witnesses all testified it was not whisky, but that the contents of the bottle was ginger ale. This is the decisive question, and, applying the rule above announced, we perforce must and do hold that the finding by the lower court on this question will not here be disturbed. All the evidence was ore tenus. The witnesses who testified were before the trial court, who thus had the opportunity of observing their demeanor and deportment, an opportunity this court did not, nor could not, have. The judgment of conviction from which this appeal was taken will therefore stand affirmed.

Affirmed.