200 So. 570

NORTHINGTON v. STATE.

8 Div. 22.

Court of Appeals of Alabama.

Jan. 21, 1941.

Rehearing Denied Feb. 18, 1941.

J. Foy Guin, of Russellville, for appellant.

Thos. S. Lawson, Atty. Gen., and Francis M. Kohn, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was convicted of the offense denounced by Michie's Code of 1928, 1936 Cumulative Supplement, Section 4158—this being merely a codification of Section 1 of Act of the Legislature of Alabama approved July 23, 1931, Gen.Acts Alabama 1931, p. 648. Specifically, it was alleged in the charge for which he was convicted that he "did with intent to defraud make or utter a check upon the Bank of Sulligent of Sulligent, Alabama, knowing at the time that he had no funds or insufficient funds in such bank with which to pay said check."

There was no question raised below, nor is any raised here, as to the form or sufficiency of the charge upon which appellant was tried. Nor was, nor is, any question raised as to the pleadings or evidence in the case—save and except, only, that appellant contended and contends that the evidence was insufficient to support the finding of guilt entered against him.

The case below, by appellant's choice, was tried before the court, sitting without a jury. In such circumstance, contrary to the insistence urged by the Attorney General, "the finding of the court on the facts shall be subject to review without an exception thereto." Code 1928, Sec. 9502.

And notwithstanding the act creating the Law and Equity Court of Franklin, County, from which this appeal comes, provides in Section 19 thereof that upon such appeal "the defendant * * * may present for review by bill of exceptions, the conclusions and judgment of the court on the evidence, *and the court of appeals * * . * shall review the same without any presumption in favor of the court below"*, Local Acts 1923, pp. 272, 276, 277, it is now well settled that upon such a review—the evidence below being given *ore tenus,* or partly so, and the trial court having the advantage of seeing and hearing the witnesses—this court will not—cannot, Code 1923, Sec. 7318—disturb the conclusion of the trial court, *unless it is plainly and palpably. contrary to the weight of the evidence.* Hackett v. Cash, 196 Ala. 403, 72 So. 52; Ross v. State, 15 Ala.App. 187, 72 So. 759, certiorari denied Ex parte Ross, 198 Ala. 694, 73 So. 1001; Jaye v. State, 23 Ala.App. 391, 127 So. 244, certiorari denied 220 Ala. 618, 127 So. 245.

As so well pointed out by Presiding Judge Bricken, in his opinion for this court in the Jaye case, last above cited, "The duty imposed on appellate courts to review convictions of a lower court, sitting without a jury, without indulging in any presumption in favor of such lower court, is. not an abrogation of the rule as to the weight to be accorded findings of fact by a. trial court, *but applies only where the opportunities of the appellate court to consider the evidence are the same as the trial court had, as in depositions."* (Italics, presently supplied).

So we come to consider the only material question apparent on the record (including the bill of exceptions), here, to-wit: "Treating the action of the trial court in finding appellant guilty, on the evidence adduced, as the verdict of a jury, was it so plainly 'contrary to the weight of the evidence' as to demand its reversal by us?"

True, under the testimony on behalf of appellant the court might properly have found him not guilty. But under that on

50

behalf of the State it just as properly found him guilty. And that statement, really, is not controverted by his able and industrious counsel, here representing him.

Under such circumstances the weight and sufficiency of the evidence were exclusively for the court trying the case. We cannot disturb his finding.

The judgment is affirmed.

Affirmed.