200 So. 573

## KEITH v. STATE.

### 7 Div. 574.

Court of Appeals of Alabama.

Feb. 4, 1941.

Rehearing Denied Feb. 18, 1941.

Ernest E. Parker, of Alabama City, for appellant.

Thos. S. Lawson, Atty. Gen., and L. L. Mooneyham, Asst. Atty. Gen., for the State.

SIMPSON, Judge.

The defendant and the prosecutor were coterminous proprietors of land. Defendant was convicted in the lower court of trespass after warning, and appeals to this court. The offense charged was that proscribed by the first clause of Section 5554, Code 1923; specifically, that he wrongfully entered on the prosecutor's premises after having been warned, within six months preceding, not to do so. The disputed area was an eight or ten acre pasture, under fence, upon which the prosecutor, at the time, was keeping his cow, a yearling, and a mule.

■ It was proven for the State that the prosecutor was in possession of the pasture, having rented it from his father, said to be the owner; that it was separated from the land of defendant by a hedge row and rail fence with two strands of barbed wire; that defendant came upon this disputed area and proceeded to remove said fence. When the defendant was discovered in the act of tearing down the fence, the prosecutor told him to "stay off" and "not to go on" this property. Such warning was sufficient under the statute. Banks v. State, 2 Ala.App. 247, 250, 57 So. 63. As we interpret the State's evidence, the defendant ignored this warning and, with his two agents or employees, tore the fence down and proceeded to haul it away. On said occasion it appears that, after receiving said warning, defendant made several trips to and from this pasture, of which the prosecutor was then (according to his evidence) in possession, in the process of removing and hauling away the fence. The further tendency of the State's evidence was that this was a line fence of many years standing, separating the respective lands.

■■ This court is of the opinion that the trial court, sitting without a jury, was

clearly warranted in adjudging the defendant guilty of the charge. The constituents of the offense were substantially proved, i. e. due warning to "stay off" and a subsequent wrongful entry upon premises presently in the possession of the prosecutor.

■ Although defendant denied he had been duly warned to stay off the property, it is clear from his testimony that he knew the prosecutor was using it as a pasture, having admitted on the stand that he had seen the prosecutor's stock in the enclosure. It was defendant's contention that when he bought, two years previously, the adjoining lands, this pasture was included in the purchase. If so, and he had title and right thereto, then remedy by law and not by force was available to him. Manifestly, protection against acts such as those proved by the State against the defendant is the true design of the statute, viz., safeguarding the possession of real estate against the entry of intruders or trespassers. Bohannon v. State, 73 Ala. 47; Central Iron & Coal Co. v. Wright, 20 Ala. App. 82, 90, 101 So. 815.

Appellant is represented by learned counsel, who has supported this appeal with able argument. We do not, however, accord with appellant's view, as urged in brief, that Brunson v. State, 140 Ala. 201, 37 So. 197, and other cited cases, are authority for pronouncing the trial court in error. In each of these cases the defendant was the person in possession, where of course prosecution of the instant charge would not lie. But here, according to substantial evidence of the State, the prosecutor is shown to have been in possession of the land in dispute when the warning was given. Prior desultory invasions thereof by defendant for the purpose of cutting trees or hauling off wood, while the prosecutor was using it as a pasture for stock and thus possessing it, did not evidence such possession by the defendant as to preclude this prosecution.

■ Under the facts of the case, the court was not in error in allowing the State to prove, over the defendant's objection, the several entries by the defendant on the occasion and in the process of the tearing down and removal of the fence. This was but one continuing trespass after the defendant was warned to "stay off" the premises.

■ In this effort of removing the fence, the repeated trips on this occasion, to and from said enclosure, after said warning, constituted but one transaction, one offense. The evidence was also admissible as of the res gestae.

■ Likewise, we do not consider as well taken the argument of counsel for appellant that there was error in the refusal of the trial court to entertain proof of where the defendant claimed the boundary or line of his property to be. Such proof, while perhaps not contrary to the substantial rights of the prosecutor, would have been purposeless. The offense charged is one against possession and, when such possession is substantially shown to be in the prosecutor, proof of location of a different line or boundary by a prior survey was immaterial. Burks v. State, 117 Ala. 148, 23 So. 530; Withers v. State, 117 Ala. 89, 23 So. 147.

■ The trial court, sitting without jury, saw and heard the witnesses testify and upon this testimony adjudged the defendant guilty, despite his evidence, the tendency of which was to negative such guilt. The evidence for the State was substantial to prove the charge. Hence, as a court of review, we cannot say that such judgment of the court was against the weight of the evidence, was clearly wrong, or that to allow it to stand would be manifestly unjust. Hackett v. Cash, 196 Ala. 403, 72 So. 52; Ross v. State, 15 Ala.App. 187, 72 So. 759, certiorari denied, Ex parte Ross, 198 Ala. 694, 73 So. 1001; Jaye v. State, 23 Ala.App. 391, 127 So. 244, certiorari denied 220 Ala. 618, 127 So. 245; Summers v. State, 20 Ala.App. 19, 100 So. 456.

In our view, therefore, the judgment below should stand affirmed.

Affirmed.