33 So.2d 405

**KORNEGAY v. STATE.**

**6 Div. 444.**

Court of Appeals of Alabama.

Jan. 13, 1948.

F. F. Windham and J. L. Marshall, both of Tuscaloosa, for appellant.

A. A. Carmichael, Atty. Gen., and Richard S. Brooks, Asst. Atty. Gen., for the State.

CARR, Judge.

Appellant was convicted in the court below for grand larceny.

It is not disputed in the evidence that the accused, assisted by other indictees (not now on trial), in the nighttime, took and carried away about fifty squares of asbestos siding from a building on a construction job. The material was hauled to the home of a Mr. Emil Smelley.

The evidence for the State tended to show that the defendant importuned Mr. Smelley to purchase the property, for which he paid a little less than the current price, and the same was delivered to his home as agreed. If the testimony of Mr. Smelley is to be accepted as true, his connection with the transaction was in every respect free of criminal participation or complicity. It seems that he was employed on the construction job, and he gave notice of his possession of the property promptly after its loss was discovered and he had made sure he had the stolen material.

The defendant contended, on the contrary, that he hauled the material to the home of Mr. Smelley at the latter's request and for which service he was paid. He disclaimed any knowledge that the property was stolen.

Before beginning the introduction of the evidence, appellant's counsel moved the court to quash the indictment. The stated grounds base facts that are entirely divorced from the instant case. There is no semblance of merit in this position.

In brief of counsel no insistence is made that error was committed at any time on rulings relating to the introduction of evidence. We find some questions thus raised that deserve our treatment.

■ A witness answered that the property had been on the premises from which it was stolen about thirty days before the date of the theft. A motion to exclude this answer was overruled. We find no reason to hold that this was an immaterial inquiry, but, this aside, there were no objections interposed to the question and the answer was responsive. Smith v. State, 16 Ala. App. 546, 79 So. 802; Kelley v. State, 32 Ala.App. 408, 26 So.2d 633.

■ The court allowed a State's witness to answer whether or not in his best judgment certain parties were on a truck. The answer was that he did not know. Clearly, the reply was not harmful to appellant. Edmonds v. State, 16 Ala.App. 157, 75 So. 873; Murray v. State, 17 Ala.App. 253, 84 So. 393.

■ A State's witness did not answer this question to which objections were interposed: "Has he asked you to change your testimony?" Malone v. State, 16 Ala. App. 185, 76 So. 469; Kelley v. State, supra.

■■ Wide latitude should be given in the cross examination of witnesses, but this permission does not open the door to the introduction of evidence that is clearly illegal. The court properly sustained the State's objection to this question on cross examination: "Do you know why he should know that that siding was down there?" Reference is here made to the knowledge of the defendant. Smith v. State, 15 Ala. App. 7, 72 So. 593; Sanders v. State, 243 Ala. 691, 11 So.2d 740.

The witness, Emil Smelley, to whose home the stolen property was carried, was asked by appellant's counsel if the defendant had not, prior to the time in question, hauled building material for the witness. The court disallowed the answer when the solicitor objected. This inquiry had relation to a prior transaction wholly disconnected and disassociated with the matter of instant concern. Be this as it may, the appellant, while testifying in his own behalf on direct examination, was asked this question: "And did you know where Emil lived before he told you where he lived?"

To which he replied: "Yes, sir, I knew where he lived, for sometime before that I had carried 2½ squares of siding out there to where he lived."

■ It is a familiar rule that error will not be charged to the action of the court in sustaining objections to a question, if the information thereby sought is disclosed at a subsequent time. George v. State, 240 Ala. 632, 200 So. 602; Pressnall v. State, 16 Ala.App. 72, 75 So. 278.

■ The appellant made proof by his sister that Smelley came to her home the afternoon of the night the property was stolen. Effort was made to show that Mr. Smelley wanted to secure the services of the defendant to haul some material for the former. The questions did not follow the verbiage of the predicate, nor were they framed in substantial counterpart thereto. This was not a compliance with the rule relating to an effort to impeach a witness as here sought. McClellan v. Lyle-Taylor Grain Co., 205 Ala. 59, 87 So. 596; Walker v. State, 220 Ala. 544, 126 So. 848.

■ Counsel for appellant asked the witness, Smelley, this question: "I will ask you if you haven't been convicted for different things in the Inferior Court five times?" It is clearly apparent that the court correctly sustained objections to the question so framed. It is not made to appear that reference is here made to a conviction for a crime involving moral turpitude, in which event only would the inquiry have been pertinent or admissible. Herring v. State, 14 Ala.App. 93, 71 So. 974; Lyles v. State, 23 Ala.App. 135, 122 So. 611.

It is strongly urged in brief of counsel for appellant that Mr. Smelley was, under the evidence, an accomplice in the crime and that his testimony was without corroboration. It is contended, therefore, that by virtue of the provisions of Title 15, § 307, Code 1940, the defendant was due the general affirmative charge as requested.

■ Mr. Smelley was not a joint indictee with the appellant, and, had he been, this fact alone would not have raised a presumption of complicity in the crime. Moore v. State, 15 Ala.App. 152, 72 So. 596;

Snowden v. State, 27 Ala. App. 14, 165 So. 410.

■ The facts we have delineated above will indicate that whether or not Mr. Smelley was a party participant in the commission of the offense was susceptible of different factual inferences and was therefore a determination to be made by the jury and not the court. This doctrine was clearly and explicitly explained by the trial judge in his oral charge. Horn v. State, 15 Ala.App. 213, 72 So. 768; Newsum v. State, 10 Ala.App. 124, 65 So. 87; Sweeney v. State, 25 Ala.App. 220, 143 So. 586; Skumro v. State, 234 Ala. 4, 170 So. 776.

■ All this aside, there was ample evidence tending to corroborate Smelley even if the jury had concluded that he was an accomplice. Allen v. State, 32 Ala.App. 570, 28 So.2d 420; Burns v. State, 246 Ala. 135, 19 So.2d 450.

We come now to consider the written instructions which were refused to the appellant.

■ Charges numbered 2, 3, 6, 11, 18, and 21 are invasive of the province of the jury and give undue prominence to only a portion of the testimony. Watts v. State, 8 Ala.App. 264, 63 So. 18; Jefferson v. State, 8 Ala.App. 364, 62 So. 313; Ray v. State, 248 Ala. 425, 27 So.2d 872; Goodwin v. State, 1 Ala.App. 136, 56 So. 29.

■ Refused requested charge numbered 10, if not otherwise faulty, wholly ignores the evidence which tended to establish the appellant's connection with the offense as a principal.

We cannot accord concurrence in the cogent insistence that we should disturb the judgment of the court below in his action in denying the motion for a new trial. A position otherwise taken would be out of harmony with the authorities by which we are guided and not consonant with the rule appertaining. Wilson v. State, 30 Ala. App. 126, 3 So.2d 136; Travis v. State, 32 Ala.App. 637, 29 So.2d 359.

We do not find any reversible errors apparent on this appeal. The judgment of the court below is ordered affirmed.

Affirmed.